James **WILSON**, Plaintiff,

v.

**IOWA DISTRICT COURT**, Defendant.

No. 64271.

Supreme Court of Iowa.

Oct. 15, 1980.

**224**

Robert M. Jilek and Gregory M. Lederer of Simmons, Perrine, Albright & Ellwood, Cedar Rapids, for plaintiff.

Robert C. Nelson of Ruffin, Nelson, Fassler, Mitchell & Kimm, Cedar Rapids, for defendant.

Considered by UHLENHOPP, P. J., and HARRIS, McCORMICK, LARSON, and SCHULTZ, JJ.

UHLENHOPP, Justice.

We granted a writ of certiorari to determine whether a district judge possesses subject matter jurisdiction to hear and decide an appeal from a judgment rendered by a district associate judge in a civil action which began as a small claim but was later transferred and then tried by regular proceedings. The case is governed by statutes which appear in the Code of 1979.

James Wilson had a garage with a leaky roof. Paul T. Rentzel contracted with him to repair the roof for $1250. Rentzel worked on the roof but the leaks continued; he then did additional work but still did not stop the leaks. Wilson thereafter employed another roofer, who fixed the roof for $1000.

Wilson sued Rentzel for $1000 in a small claims proceeding. Rentzel counterclaimed for $1250. When the case came before the court for hearing, the court entered an order which recited: "Defendant's counsel requests transfer to regular proceeding in District Court, Plaintiff resists because of witnesses available. Defendant's request *sustained*, clerk directed to transfer cause from Small Claims docket 1 SW 6368 case."

The case thereupon came before a District Judge. The Judge noted that the case had been transferred from small claims because it involved a counterclaim for $1250. He stated that claims between $1000 and $3000 were being transferred to district associate judges, but that arrangements had been made for a full–time magistrate to try this case. The procedure would have been the same whether the case was tried by either of those judicial officers; the case was, however, eventually tried by a District Associate Judge.

After trial, the District Associate Judge initially recited in her decision, "The matter was tried by regular formal procedure for the reason that the counterclaim exceeded the $1,000 small claim jurisdiction." The court found for Wilson, awarded him $1000 and interest, and dismissed the counterclaim.

Rentzel thereupon appealed "to the District Court of Iowa," stating that "the matter will come on in accordance with the Appellate Rules governing Small Claim matters." The appeal was submitted to a District Judge for Decision, who found that neither party was entitled to recover and dismissed the claim and the counterclaim.

Wilson filed a post–trial motion. In ruling on the motion, the District Judge stated at the outset:

> Upon reviewing the Motion, it seems to indicate that the case was conducted by ordinary proceedings because of the Counterclaim in excess of $1,000. If such be the case, it would appear that this should not have been appealed to District Court, but should have been appealed to the Supreme Court, and it was not a Small Claims case originally; however, it might be pointed out that the Counterclaimant did not appeal.

The court adhered to its original decision and overruled the motion.

Wilson then sought review by us, and we granted a writ of certiorari.

I. Chapter 631 of the Iowa Code prescribes a simple, swift, and inexpensive pro-

cedure for hearing and determining civil claims for money not exceeding $1000 and for some forcible entry cases. § 631.1, The Code 1979. Part– and full–time magistrates, district associate judges, and district judges may entertain these cases, but frequently the cases are handled by magistrates. §§ 602.4, 602.32, 602.60, 631.2(1). An expeditious form of appeal to a district judge is provided in these cases. § 631.13. Further appeal is permitted to the supreme court but only on discretionary review. § 631.16. If the present case had involved only a small claim and had been heard and decided as such, the initial course taken by Rentzel would have been correct: appeal to a district judge.

II. When Rentzel interposed his counterclaim exceeding $1000, however, section 631.8(4) came into play:

4. In small claims actions, a counterclaim, cross claim, or intervention in a greater amount than that of a small claim shall be in the form of a regular pleading. A copy shall be filed for each existing party. New parties, when permitted by order, may be brought in under rule 34 of the rules of civil procedure and shall be given notice under the rules of civil procedure pertaining to commencement of actions. The court shall either order such counterclaim, cross claim, or intervention to be tried by regular procedure and the other claim to be heard under this division, or order the entire action to be tried by regular procedure.

■ The judicial officer before whom the case originally came properly transferred the entire case from the small claims docket, since the claim and counterclaim both arose out of the same transaction and the counterclaim exceeded $1000. This meant that the case was no longer a small claim for disposition under chapter 631; it was to be tried by "regular procedure." 631.8(4). Since the amount in controversy on one side of the case exceeded $1000, the case exceeded the jurisdiction of a part–time magistrate; the case had to be heard by a full–time magistrate, a district associate judge, or a district judge. § 602.60. Actually it was heard by a District Associate Judge employing the required regular procedure.

■ In that situation section 631.13, authorizing an initial appeal to a district judge, did not apply, for the case was no longer a small claim. For the same reason section 631.16, authorizing further discretionary review by the supreme court, did not apply. Instead, the initial appeal would be to the supreme court to the extent permitted by rules 1 and 3 of the Rules of Appellate Procedure. Rentzel did not proceed in that manner.

■ The District Judge who heard the appeal recognized the problem but stated that the District Associate Judge only allowed $1000 and the counterclaimant did not appeal. This appears to be a mistake, as Rentzel was the one who appealed. Be that as it may, the judgment of the District Associate Judge for $1000 did not restore the case to small claims status; the case remained a regular action subject to rules 1 and 3 of the Rules of Appellate Procedure. To hold otherwise would mean that the classification of a case would depend upon the outcome of the case. While section 631.8 authorizes transfer of a case among dockets, it contains no provision reverting a case tried by regular procedure to the status of a small claim depending upon the outcome of the case. The District Judge did not have jurisdiction to entertain the appeal.

III. In this case again the parties use the terms "magistrate court," "district associate judge court," and "district court." We again call attention to our unified trial court structure under chapter 602. Aside from the appellate courts, we have only one court in this state, the district court. § 602.1. Within his jurisdiction, a part–time magistrate is the district court, a full–time magistrate is the district court, a district associate judge is the district court, and a district judge, of course, who possesses the court's entire jurisdiction, is the district court. § 602.3. See also 1980 Sess., 68 G.A., H.F. 54. This case was not transferred from "magistrate court" to "district court" and eventually tried in "associate

district court." It was transferred from the small claims docket of the district court to the civil docket of the district court and was tried by a district associate judge in the district court.

The District Judge did not possess jurisdiction to entertain Rentzel's attempted appeal of the action. Hence the decision of the District Judge is of no effect. The judgment entered by the District Associate Judge remains in force.

WRIT SUSTAINED.