James A. DONAHUE,
Plaintiff-Appellant,

v.

AMERICAN FARMERS MUTUAL
CASUALTY COMPANY,
Defendant-Appellee.

No. 84–1812.

Court of Appeals of Iowa.

Nov. 26, 1985.
As Corrected Jan. 22, 1986.

Harold W. White of Fitzgibbons Brothers, Estherville, for plaintiff-appellant.

Bradley Howe of Sackett, Sackett, Hemphill & Howe, Spencer, for defendant-appellee.

Considered by DONIELSON, P.J., and SCHLEGEL, and HAYDEN, JJ.

SCHLEGEL, Judge.

Plaintiff appeals the trial court's decision to grant defendant's motion for summary judgment on his claim under his auto insurance policy. The trial court determined that plaintiff's claim was barred by the principles of res judicata or claim preclusion. We affirm the trial court.

The facts can best be understood if related in a chronological manner. Plaintiff James A. Donahue was involved in an automobile collision on December 19, 1982, in Clay County, Iowa. His car was insured under a policy issued by defendant American Farmers Mutual Casualty Company (American Farmers). On April 7, 1983, plaintiff filed a small claims action (No. 9037) against Michael Wrightsman, a claims adjuster, for $1,000 based on "[r]eplacement automobile expenses incurred because of slow, negligent, and collusive automobile damage appraisal, followed by misrepresenting Insurance Company and body shop policy." Approximately a week later, on April 15, 1983, plaintiff filed a second small claims petition against American Farmers, for $1,000, based on punitive damages base (sic) on using a nonexistent estimate as a bases (sic) for a settlement on a casualty claim. In a letter dated April 25, 1983, American Farmers offered to pay plaintiff a total of $4,300 for his damages arising out of the December 1982, collision. On April 26, 1983, the attorney for Mr. Wrightsman filed a motion to consolidate plaintiff's small claims action. The motion was granted on May 18, 1983, and hearing was set for June 8, 1983.

The transcript from the June hearing clearly demonstrates that the source of plaintiff's discontent was simply the refusal to accept numerous offers and concessions by defendant concerning the value of plaintiff's damaged auto prior to his small claims action. When American Farmers was notified of plaintiff's small claim action No. 9077, however, they sent a letter to plaintiff, dated May 25, 1983, withdraw-

ing the $4,300 offer of settlement. At the hearing on June 8th, the magistrate dismissed the claim against Wrightsman because plaintiff failed to state a claim upon which relief could be granted. He also dismissed the claim against American Farmers after finding the defendant not negligent in its dealings with the plaintiff.[1]

Plaintiff did not appeal from the judgment entry in either small claims action. Instead, plaintiff filed a petition in equity at the Clay County District Court on November 14, 1983. In this petition, plaintiff requested $10,000 compensation, claiming that "... Defendant has failed and refused to pay Plaintiff for the loss and damage to his motor vehicle, the loss of the use of the vehicle, towing charges, and loss to personal property in the vehicle...." Later, on February 8, 1984, he filed an amended petition requesting compensation for medical expenses in addition to his original claims. It is undisputed that plaintiff's small claims actions and his petitions in district court were based upon his losses stemming from the automobile collision on December 18, 1982.

In the district court action, both defendant and plaintiff submitted affidavits in support of their respective positions.

In his affidavit, plaintiff said that at the time he filed small claim no. 9077 the defendant "had agreed to pay me for my damages." He alleged the small claim was not to recover on his insurance policy, but was based rather upon the "manner in which representatives of the company had investigated" the claim. Plaintiff further stated in his affidavit that "the company had admitted ... its responsibility for the repair." Also, plaintiff did not believe that the defendant would reject his policy claim.

Defendant responded by moving for summary judgment on plaintiff's district court claims. It argued that plaintiff's district court claims arose out of the December 19, 1982, automobile collision and therefore are

---

**1.** Plaintiff filed the small claims actions without the aid of counsel, and appeared at the small claims hearings pro se.

barred by the principle of claim preclusion and the doctrine of res judicata. American Farmers alleged that because there was no issue of material fact as to whether the district court action and the small claims action derived from the same set of operative facts, summary judgment was proper. The trial court agreed with defendant and found that the magistrate's judgment in small claims no. 9077 was res judicata to the district court action.

Plaintiff appeals the trial court's ruling. We agree with the trial court.

**I. Summary Judgment.** The burden is on the moving party who is required to show that there is no genuine issue of material fact involved in the case and that he is entitled to judgment as a matter of law. *Anita Valley, Inc. v. Bingley*, 279 N.W.2d 37, 40 (Iowa 1979). Plaintiff argues that there still exists a genuine issue of material fact as to whether there was a settlement made between plaintiff and American Farmers under the policy. However, under the legal theory applicable to the district court's ruling, the allegation of a settlement is not determinative. Under the defense of res judicata, the only crucial fact is whether the second claim arose out of the same transaction or set of operative facts as plaintiff's first claim. Here, it is plain that both the small claims action no. 9077 and the district court action arose out of the December, 1982, automobile collision and the duties arising in and out of the insurance policy covering plaintiff's car. We agree with the trial court that there was no genuine issue of material fact presented in the district court action.

In *B & B Asphalt Co. v. T.S. McShane Co.*, 242 N.W.2d 279, 286 (Iowa 1976), the supreme court said:

Claim preclusion under the doctrine of res judicata is based on the principle that a party may not split or try his claim piecemeal, but must put in issue and try his entire claim or put forth his entire defense in the case on trial. *Swisher & Cohrt v. Yardarm, Inc.*, 236 N.W.2d 297, 299 (Iowa 1975); *Jordan v. Stuart Creamery, Inc.*, 258 Iowa 1, 5–6, 137 N.W.2d 259, 261 (1965), and citations. An adjudication in a former suit between the same parties on the same claim is final as to all matters which could have been presented to the court for determination. A party must litigate all matters growing out of his claim at one time and not in separate actions. *Warnecke v. Foley*, 234 Iowa 348, 350, 11 N.W.2d 457, 458 (1943).

We are not unmindful of the fact that plaintiff could not have brought an action for $10,000 in small claims court. But that does not negate the legal principles requiring a party to put in issue and try his entire claim at one time and not litigate separate claims in separate actions. This outcome demonstrates the harsh results of a misuse of the small claims process.

Because we agree with the trial court's decision that there existed no genuine issue of material fact, we affirm its grant of summary judgment to defendant.

AFFIRMED.