**John E. SWANSON, Plaintiff,**

v.

**BEST BUY CO., INC., Defendant.**

**Civ. No. 89–11–D–2.**

United States District Court,
S.D. Iowa,
Davenport Division.

Feb. 28, 1990.

---

Earl A. Payson, Davenport, Iowa, for plaintiff.

Richard A. Davidson, Davenport, Iowa, for defendant.

## MEMORANDUM OPINION, RULING, AND ORDER

VIETOR, Chief Judge.

Plaintiff John E. Swanson alleges that Defendant Best Buy Co. harassed, retaliated, and discriminated against him in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 215(a)(3). Plaintiff also alleges several state law violations, including, "violation of Chapter 91A of the Iowa Code, fraud, breach of contract of employment, intentional or, in the alternative, negligent misrepresentation, intentional infliction of emotional distress, wrongful discharge, retaliatory discharge, negligent supervision, tortious interference with business expectancy or economic advantage, defamation, outrageous conduct and bad faith * * *." Defendant moves for summary judgment on the ground of claim preclusion. Plaintiff resists.

## SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R. Civ.P. 56(e). To preclude the entry of summary judgment, the nonmovant must make a sufficient showing on every essential ele-

ment of its case for which it has the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–323, 106 S.Ct. 2548, 2552–2553, 91 L.Ed.2d 265 (1986); *Continental Grain Co. v. Frank Seitzinger Storage, Inc.*, 837 F.2d 836, 838 (8th Cir.1988). Rule 56(e) requires the nonmoving party to go beyond the pleadings and by affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553; *Johnson v. Schopf*, 669 F.Supp. 291, 295 (D.Minn.1987). The quantum of proof that the nonmoving party must produce is not precisely measurable, but "the nonmoving party must produce enough evidence so that a reasonable jury could return a verdict for the nonmovant." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257, 106 S.Ct. 2505, 2514–15, 91 L.Ed.2d 202 (1986); *Johnson*, 669 F.Supp. at 295–96.

■ On a motion for summary judgment, the court views all the facts in the light most favorable to the nonmoving party, and gives that party the benefit of all reasonable inferences that can be drawn from the facts. *Trnka v. Elanco Products Co.*, 709 F.2d 1223, 1225 (8th Cir.1983); *Howard v. Russell Stover Candies, Inc.*, 649 F.2d 620, 623 (8th Cir.1981).

### FACTS

The following facts are either undisputed, or represent the plaintiff's version. Defendant employed plaintiff as a salesperson from September 24 to December 10, 1986. Plaintiff's oral employment contract provided that he would be paid a 15% commission, or $5.00 an hour, whichever was greater. Plaintiff later discovered that his wage was averaging $2.86 an hour, which was below the statutory minimum wage.[1] Plaintiff unsuccessfully complained to defendant, who then harassed and verbally abused plaintiff. Plaintiff then contacted the United States Department of Labor and the State of Iowa Department of Labor. The

ensuing investigation supported plaintiff's allegations, and defendant was required to pay minimum wages and to reimburse those employees who had not received minimum wage payments. Defendant continued to harass and verbally abuse plaintiff, forcing him to resign his employment.

On November 16, 1987, plaintiff brought suit against defendant in the Iowa District Court for Scott County, alleging "violation of [his] hiring agreement." Plaintiff's Petition, *Swanson v. Best Buy*, Small Claims No. 50966 (Iowa Dist.Ct., Scott County, Mar. 2, 1988) (hereinafter Small Claims No. 50966). Although plaintiff suffered losses in an amount greater than $2,000, he limited his prayer for relief to $2,000. The court awarded plaintiff $2,000 for "[his] losses from the breach with regard to commissions * * *." Small Claims No. 50966. Defendant satisfied this judgment.

### DISCUSSION

■ The preclusive effect of a state court judgment is a matter of state law, which federal courts must apply. 28 U.S.C. § 1738; *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984); *Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 481–2, 102 S.Ct. 1883, 1897–8, 72 L.Ed.2d 262 (1982). Thus, Iowa law determines whether the Iowa small claims judgment precludes plaintiff from prosecuting this action. *Devan v. City of Des Moines*, 767 F.2d 423 (8th Cir.1985), *cert. denied*, 474 U.S. 1068, 106 S.Ct. 827, 88 L.Ed.2d 799 (1986) (Iowa issue preclusion bars action brought under 42 U.S.C. § 1981).

The district court sitting in small claims considers "civil action[s] for a money judgment where the amount in controversy is two thousand dollars or less, exclusive of interest and costs." Iowa Code § 631.1 (1989). "[T]he legislature intended to provide a simple, informal, and inexpensive procedure for the trial of a small claim in a trial conducted by the court itself without regard to technicalities of procedure."

---

**1.** "Every employer shall pay * * * not less than $3.35 an hour after December 31, 1980 * * *." 29 U.S.C. § 206(a)(1), *amended by* Fair Labor

Standards Amendments of 1989, Pub.L. No. 101–157 (Nov. 17, 1989).

*Lau v. City of Oelwein,* 336 N.W.2d 202, 203 (Iowa 1983); *Barnes Beauty College v. McCoy,* 279 N.W.2d 258 (Iowa 1979). Because issue preclusion (collateral estoppel) is inconsistent with simple and informal procedures, Iowa does not apply issue preclusion to small claims proceedings. *Village Supply Co., Inc. v. Iowa Fund, Inc.,* 312 N.W.2d 551, 554 (Iowa 1981); *State ex rel. Miller v. Hydro Mag, Ltd.,* 436 N.W.2d 617 (Iowa 1989); Restatement (Second) of Judgments § 28 comment d (1982). Claim preclusion (res judicata), however, may result from a small claims action in order to prevent claim splitting. *Donahue v. American Farmers Mut. Casualty Co.,* 380 N.W.2d 437 (Iowa Ct.App.1985).

In *Israel v. Farmers Mut. Ins. Ass'n,* 339 N.W.2d 143, 146 (Iowa 1983), the Iowa Supreme Court identified the relevant components of claim preclusion: "[1] an adjudication in a former suit [2] between the same parties [3] on the same claim is [4] final as to all matters [5] which could have been presented to the Court for determination." Plaintiff does not dispute that the small claims proceeding constituted a final adjudication in a former suit between the same parties. Rather, plaintiff concentrates his attack on grounds (3) and (5), that the claims are not the same and that the present claims could not have been brought before the state district court as a small claim. Plaintiff's contentions are without merit.

In determining whether plaintiff's complaint alleges the "same claim," Iowa has adopted a transactional approach. "Our cases say identity of cause of action is established when the same evidence will maintain both actions. * * * [The causes of action are the same if] they arise from the same transaction and depend on evidence of the same events." *B & B Asphalt Co., Inc. v. T.S. McShane Co., Inc.,* 242 N.W.2d 279, 287 (Iowa 1976); Restatement (Second) of Judgments § 24(2) (1982).

■ The claim before the state court concerned defendant's "violation of [the] hiring agreement." Plaintiff's Petition, Small Claims No. 50966. The magistrate explicitly considered defendant's failure to pay plaintiff in accordance with the employment agreement, defendant's harassment of plaintiff, and plaintiff's resignation.[2] In his claims before this court, plaintiff alleges that through harassment, defendant retaliated against him for bringing a minimum wage complaint to the United States and State of Iowa Departments of Labor. Because plaintiff "depend[s] on evidence of the same events," the claims before this court are the same as those presented to the small claims magistrate.

The fifth component of claim preclusion is whether the matter "could have been presented to the [initial] Court for determination." *Israel v. Farmers Mut. Ins. Ass'n,* 339 N.W.2d at 146. Whether plaintiff's FLSA and state claims were actually litigated is immaterial. "A party must litigate all matters growing out of his claim at one time and not in separate actions." *B & B Asphalt,* 242 N.W.2d at 286; Restatement (Second) of Judgments § 18 comment a (1982). If the initial court lacks subject matter jurisdiction to hear the claim, however, the claim cannot be precluded in an action before a second court. *State ex rel. Miller v. Hydro Mag, Ltd.,* 436 N.W.2d 617 (Iowa 1989) (claim preclusion unavailable because only the Attorney General can bring an action under Iowa's consumer

2. The magistrate found the following facts:
    1. Plaintiff John E. Swanson was an employee of the Best Buy Store in Davenport, Iowa from September 24, to December 10, 1986.
    2. At the time he was hired, Defendant offered to pay Plaintiff a 15% commission for all sales, or at least $5.00 per hour, whichever was higher.
    3. Plaintiff agreed to this, a verbal employment contract was created, and Plaintiff quit another job to work for Best Buy Company.
    4. Defendant failed to pay commissions according to the terms of the contract, and Plaintiff complained, only to be threatened and harassed by Defendant's supervisory staff.
    5. Plaintiff resigned for good cause, and suffered a financial loss.
    6. Plaintiff's losses from the breach with regard to commissions total more than $2,000.00. However, Plaintiff has limited his prayer to $2,000.00.
*Swanson v. Best Buy,* Small Claims No. 50966 (Iowa Dist.Ct., Scott County, Mar. 2, 1988).

fraud act); Restatement (Second) of Judgments § 26(1)(c).

■ Plaintiff argues that the court in his small claims case did not have "competent jurisdiction" within the meaning of the FLSA or, alternatively, that the court lacked subject matter jurisdiction because small claims relief is limited to money damages in an amount no greater than $2,000. The argument is without merit.

The FLSA states that "[a]n action to recover the liability * * * may be maintained * * * in any Federal or State court of competent jurisdiction." 29 U.S.C. § 216(b). The Iowa District Court is a court of general and unlimited jurisdiction, Iowa Code § 602.6101, and is competent to adjudicate FLSA claims. *Freudenberg v. Harvey,* 364 F.Supp. 1087 (E.D.Pa.1973); *Booth v. Montgomery Ward & Co., Inc.,* 44 F.Supp. 451 (D.Neb.1942). "Small claims" is not a designation of a separate court; it is a designation of certain types of claims (those for money judgments where the amount in controversy is two thousand dollars or less, certain types of forcible entry and detainer actions, and replevin actions if the value of the property claimed is two thousand dollars or less) for which a simple and informal litigation procedure in the district court is established. Iowa Code ch. 631. "There is no separate small claims court, but there is a small claims docket in district court." *Iowa Nat'l Mut. Ins. Co. v. Mitchell,* 305 N.W.2d 724, 725 (Iowa 1981). *See Wilson v. Iowa Dist. Court,* 297 N.W.2d 223, 225–26 (Iowa 1980).

The limited relief available in a case in the small claims docket also does not alter the application of the claim preclusion doctrine. Plaintiff's decision to seek the limited relief available in a small claims case did not limit the Iowa District Court's subject matter jurisdiction. That court had the jurisdiction to entertain and decide plaintiff's FLSA claim. In *Donahue,* the Iowa Court of Appeals, in applying the doctrine of claim preclusion, stated:

> We are not unmindful of the fact that plaintiff could not have brought an action for $10,000 in small claims court. But that does not negate the legal princi-

ples requiring a party to put in issue and try his entire claim at one time and not litigate separate claims in separate actions. This outcome demonstrates the harsh results of a misuse of the small claims process.

380 N.W.2d at 439.

Plaintiff brought suit in the Iowa District Court. By voluntarily choosing to limit his prayer for relief in order to gain the benefits of the small claims procedures, plaintiff waived his right to other forms of relief that the Iowa District Court could have provided.

## RULING AND ORDER

Plaintiff's claim in this case is precluded by the final adjudication in the Iowa District Court for Scott County. Therefore, defendant's motion for summary judgment is GRANTED.

IT IS ORDERED that plaintiff's case be DISMISSED.