Hughes A. **BAGLEY, Jr.,**
**Plaintiff–Appellee,**

v.

**HUGHES A. BAGLEY, INC., d/b/a**
**Mike's Saloon,**
**Defendant–Appellant.**

**No. 89–1859.**

Court of Appeals of Iowa.

Nov. 29, 1990.

William J. Rawlings of Kindig, Beebe, Rawlings, Nieland, Probasco & Killinger, Sioux City, for defendant-appellant.

Francis Lee Goodwin of Baron, Sar, Goodwin, Gill, Lohr & Jarman, Sioux City, for plaintiff-appellee.

Considered by SCHLEGEL, P.J., and HAYDEN and SACKETT, JJ.

SACKETT, Judge.

We address the issue of whether a district court action for unpaid wages was barred by a prior small claims action. We find under the facts here it was. We reverse the judgment for plaintiff and enter judgment for defendant.

The district court action was commenced on January 31, 1986, when plaintiff-appellee, Hughes Anderson Bagley, Jr., filed a petition against defendant-appellant Hughes A. Bagley, Inc. Plaintiff contended he was employed by defendant as a manager, cook and bartender from May 30, 1983 through January 20, 1984 at a wage of $4.00 per hour. Plaintiff alleged he was not paid and sought judgment against defendant for $11,365. After a jury trial, a verdict was returned for plaintiff, and judgment was entered against defendant for $9,360 for wages and $4,523.90 for attorney fees. It is from this judgment defendant's appeal is taken.

Defendant contends the trial court erred in failing to sustain its motions seeking dismissal of the district court action on the basis of res judicata. Defendant's claim of res judicata is based on a small claims action that was filed in Plymouth County on July 9, 1984, by plaintiff against defendant. In the small claims action plaintiff

asked for $1,993.28 from defendant. According to plaintiff's notice of suit, the claim was for "money advanced to corporation for purchase and improvement on automobile which was to be part of my wages and has not been turned over to me." The case was tried to a magistrate who entered judgment for plaintiff. The case was appealed to district court. The district court determined the issue on appeal to be "whether defendant is liable for the purchase price of plaintiff's car and the cost of repairs based upon back wages owing to plaintiff as a result of his employment with defendant." The district court on de novo review ruled against plaintiff and included in its finding the following:

> Plaintiff testifies that the agreement was that he would receive a $4.00 hourly wage. Defendant admits that it "employed" Plaintiff. Both Plaintiff and Defendant agree that no monetary compensation was given Plaintiff. Defendant admits that Plaintiff's room and board were not compensation for Plaintiff's work, but there is no evidence save Plaintiff's testimony that the agreement was for money rather than food, liquor and gas, as Defendant suggests. While both parents [1] indicated that they encouraged Plaintiff to take a weekly salary, there is no indication that Plaintiff's seemingly limitless access to the goods sold at the saloon was not allowed *instead* of the salary that had been declined. Moreover, because Plaintiff offered no evidence as to the amount of arrearages in back wages owed him, it is impossible to determine whether those back wages, even if owed, would cover the amount of the repairs sought here. Thus, Plaintiff has failed to prove that Defendant was unjustly enriched by the situation. It is for that reason that this Court reverses the decision of the magistrate and rules in favor of Defendant.

■ Defendant contends by virtue of the small claims judgment, plaintiff's district court action was barred by res judicata. Plaintiff argues this claim was not barred by res judicata because the first action was a small claims action and the actions are not the same causes based on the same claim. Res judicata includes both issue and claim preclusion. Res judicata as claim preclusion is a bar to further litigation of a claim, while res judicata as issue preclusion is a bar to further litigation of a specific issue. *Harrison v. State Bank of Bussey*, 440 N.W.2d 398, 399 (Iowa App.1989). We look at each separately.

## ISSUE PRECLUSION

■ Defendant contends the plaintiff's claim was barred by collateral estoppel or issue preclusion. The terms collateral estoppel and issue preclusion are used interchangeably. *See Hunter v. City of Des Moines*, 300 N.W.2d 121, 123 (Iowa 1981).

Defendant contends the doctrine of issue preclusion applies because in the small claims action the court found plaintiff had not succeeded in establishing the employment agreement by a preponderance of the evidence, and this finding was preclusive in the district court action. We agree with defendant that the issue is the same, but our inquiry does not end here.

■ An issue adjudicated in a small claims judgment does not have preclusive effect in a case within the regular jurisdiction of the district court. *See Village Supply Co., Inc. v. Iowa Fund, Inc.*, 312 N.W.2d 551, 554 (Iowa 1981). Small claims cases are governed by special statutes and rules. Iowa Code § 631.2. They are to be simple and informal without the technicalities of procedure. *See* Iowa Code § 631.2. They are to provide a simple, swift, and inexpensive procedure for hearing cases under its jurisdictional amounts. *Wilson v Iowa District Court*, 297 N.W.2d 223, 224–25 (Iowa 1980).

A reason for denying issue preclusion exists when the procedures available in the first court may have been tailored to the prompt, inexpensive determination of small claims and thus may be wholly inappropriate to the determination of the same issues when presented in the context of a much larger claim. *See Village Supply*, 312

---

**1.** Apparently defendant corporation is owned by plaintiff's parents.

N.W.2d at 554; Restatement (Second) of Judgments 68.1. Giving preclusive effect to small claims adjudications in subsequent regular district court trials would be inconsistent with maintaining the simplicity and informality of small claims procedures. *Village Supply*, 312 N.W.2d at 554. The trial court was correct in refusing to apply issue preclusion. We affirm on this issue.

## CLAIM PRECLUSION

■ Defendant next contends plaintiff's claim is barred by claim preclusion. Claim preclusion is different than issue preclusion, and, unlike issue preclusion, the adjudication of a claim in small claims court can have a preclusive effect within the regular jurisdiction of the district court. *See Donahue v. American Farmers Mut. Cas. Co.*, 380 N.W.2d 437, 439 (Iowa App.1985). Claim preclusion can prevent a claimant from relitigating a claim in district court if the claim has been litigated in small claims court. *See Donahue*, 380 N.W.2d at 439.

The trial court in rejecting claim preclusion determined the claims were not the same because the small claim was for expenses advanced while the current claim was for wages. The question, however, is whether the two claims arise from the same transaction. *See Tigges v. City of Ames*, 356 N.W.2d 503, 508 (Iowa 1984) (fact first claim was on contract and second in tort did not preclude dismissal of second claim on basis of claim preclusion where two claims arose from same transaction).

■ Claim preclusion under the doctrine of res judicata is based on the principle that a party may not split or try his claim piecemeal, but must put in issue and try his entire claim or put forth his entire defense in the case on trial. The adjudication in a former suit between the same parties on the same claim is final as to all matters which could have been presented to the court for determination. A party must litigate all matters growing out of his claim at one time and not in separate actions. *Tigges*, 356 N.W.2d at 509; *B & B Asphalt Co. v. T.S. McShane Co.*, 242 N.W.2d 279, 286 (Iowa 1976).

■ A final judgment rendered in favor of the defendant bars another action by the plaintiff on the same claim, *Tigges*, 356 N.W.2d at 508, and a valid judgment extinguishes all rights of the plaintiff to remedies against the defendant with respect to any part of the transaction. *Id.* A plaintiff's claim is extinguished even though the plaintiff is prepared in the second action to present other grounds or theories not presented in the first action. *Id.* A party is obligated to raise all of his or her theories of recovery or suffer the consequences of claim preclusion. *See Tigges*, 356 N.W.2d at 509.

■ The small claim and the district court actions both arose out of the same transaction, namely, the employment of plaintiff by defendant. The small claims action sought money for the purchase price of an automobile plaintiff was to have had as wages. The small claim required plaintiff to prove entitlement to back wages. The district court action was a claim for back wages. The fact that these claims arose out of the same transaction causes this case to fit squarely under the doctrine of claim preclusion, which bars further litigation by the plaintiff on the same claim. *Id.*

■ Plaintiff makes the argument that this result is wrong because he could not have brought a small claim for $11,365. This argument does not negate the legal principles requiring a party to put in issue and try his entire claim at one time and not litigate separate claims in separate actions. *Donahue*, 380 N.W.2d at 439. Plaintiff chose the first forum where his first claim was litigated. He cannot now complain about the monetary limits of its jurisdiction. We reverse on this issue and enter judgment of dismissal for plaintiff. Costs on appeal are taxed to plaintiff.

AFFIRMED IN PART; REVERSED IN PART; JUDGMENT OF DISMISSAL ENTERED FOR DEFENDANT.