Ramon MOLINA, Plaintiff,

v.

SEA–LAND SERVICES, INC. Defendant.

No. 94–1248(DRD).

United States District Court,
D. Puerto Rico.

March 31, 1997.

Antonio Cuevas–Delgado, Cuevas, Kuinlam & Bermudez, Hato Rey, PR, for Defendant.

Nicolas Delgado–Figueroa, Puerto Nuevo, PR, for Plaintiff.

**OPINION AND ORDER**

DOMINGUEZ, District Judge.

The above captioned case is a complaint filed by Plaintiff in local state court assigned number 94–0077 (Superior Court, San Juan Section) seeking payment of overtime under Puerto Rico Law, P.R. Laws Ann. tit. 29, § 274, and unpaid sick leave pursuant to a local wage and hour decree authorized under Puerto Rico's Minimum Wage Law, P.R. Laws Ann. tit. 29, § 146 *et seq.* The case was removed to this Court by defendant Sea Land alleging that the case was a § 301 complaint under the Labor Management Relations Act, 29 U.S.C. § 185 *et seq.* (Violations of contract and/or breach of fair representation).

Pursuant to the allegations of the removed complaint, the case had prior thereto been filed one year before also in local court, case number 93–0123, (Superior Court, San Juan Section), judgment of dismissal having been entered ordering that the claim for sick leave be arbitrated by the union and the company. In the first filed state case, the claim sought only the payment of sick leave; the now removed case seeks payment of sick leave and overtime pursuant to local law.

## I. CLAIM PRECLUSION

In the second case, the instant removed case, it is alleged that since the union and the Company have failed to take the case to arbitration "both acted superficially and doubted plaintiff's right" (see allegation number 5, last sentence); hence, Plaintiff was forced to refile once again this time adding the overtime request. The union has not been joined as a defendant to the instant case.

Pending before the Court is Defendant's Motion for Summary Judgment (Docket No. 6); Plaintiff's Opposition thereto (Docket No. 9); Defendant's Reply (Docket No. 13); the Magistrate's Report and Recommendation (Docket No. 18); Defendant's Objection thereto (Docket No. 19); and Plaintiff's Brief in Support of the Magistrate's Report and Recommendation (Docket No. 20).

The Magistrate focused on the statute of limitations concluding that since the claim of

Plaintiff was statutory in nature, the claim was not arbitrable because the arbitrator for its resolution did not have to interpret the contract. Because the claim was one for wages, a three year limitation under Puerto Rico Wage and Hour Law, P.R. Laws Ann. tit. 29, § 146(d), applied instead of a six month period urged by defendant under the case of *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). Defendants objected to the Magistrate Judge's Report and Recommendation (Docket No. 19). The Court must examine *de novo* objected parts of a report and recommendation of a magistrate. *United States v. Valencia–Copete*, 792 F.2d 4, 6 (1st Cir.1986) ("Appellant was entitled to de novo review by the district court of the recommendation to which he objected."); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 605 (1st Cir.1980). The Court disagrees with the recommendation of the Magistrate Judge.

1. Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law." Fed.R.Civ.P. 56(c). The entry of summary judgment is proper even when "[there is a] mere existence of some alleged factual dispute between the parties [which would not] defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Mulero–Rodríguez v. Ponte, Inc.*, 98 F.3d 670, 673 (1st Cir.1996) (citing *Medina–Muñoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir.1990)). Furthermore,

> [once] the summary judgment is made and supported as provided by this rule, an adverse party may not rest upon mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. [Furthermore,][i]f the adverse party does not respond, summary judgment, if appropriate shall be entered against the adverse party.

Fed.R.Civ.P. 56(e). "An issue is genuine if it 'must be decided at trial because the evidence, viewed in the light most flattering to the non movant, would permit a rational fact finder to resolve the issue in favor of either party'." *Mulero–Rodríguez*, 98 F.3d at 673 *(citing Medina–Muñoz*, 896 F.2d at 8 (1st Cir.1990)). *See also* Wyner v. North American Specialty Ins. Co., 78 F.3d 752, 754 (1st Cir.1996).

The Court finds that summary judgment is appropriate in the instant case.[1]

■ In the instant case the claim of Plaintiff for sick leave under Puerto Rico Law has been decided by a court of competent jurisdiction ordering that the matter be arbitrated (Superior Court of Puerto Rico in case number 93–0123.) The decision notified on April 2, 1993, was not appealed and is now final. Said decision not only is final but is correct under Puerto Rico Law because all statutory claims for wages, overtime, vacations, etc. under local law, are arbitrable. *Pérez v. AFF*, 87 D.P.R. 118, 1963 WL 15028 (1963). Even wage claims that are of local constitutional dimensions are arbitrable. *Pagán et al. v. Fundación Hospital Dr. Pila*, 114 D.P.R. 224, 1983 WL 204205 (1983).

■ The instant complaint filed one year later claims overtime in addition to sick leave payments. The case is potentially barred by

The party moving for summary judgment bears the initial burden of proof to show "that there is an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Thereafter, the burden shifts to the non-movant to provide the Court, through the filing of supporting affidavits or similar documentation, with "some indication that he can produce the quantum of evidence to enable him to reach the jury with his claim." *Hahn v. Sargent*, 523 F.2d 461, 468 (1st Cir.1975). The non-movant cannot rest upon mere allegations or denial of the pleadings. Fed.R.Civ.P. 56(e). Accordingly, the non-movant must affirmatively show that "sufficient evidence supporting the claimed factual dispute [exists] to require a jury or judge to resolve the parties' differing versions of truth at trial." *First National Bank of Ariz. v. Cities Service Co.*, 391 U.S. 253, 288–89, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968). When the issue involved in the motion for summary judgment is the contracting parties intent, summary judgment is generally precluded except in cases where the supporting evidence is so sufficiently one sided that no reasonable person could differ. *See Blanchard v. Peerless Insurance Co.*, 958 F.2d 483, 488 (1st Cir.1992) (holding that the contracting parties intent generally is deemed a material issue of fact precluding summary judgment). *See also Woodman v. Haemonetics Corp.*, 51 F.3d 1087, 1091 (1st Cir.1995) ("No credibility assessment may be resolved in favor of the party seeking summary judgment.").

the doctrine of *res judicata*. The potential preclusive effect of that judgment must be examined by state *res judicata* principles because the judgment in the first action was rendered by a state court, as opposed to a federal court, and this Court has jurisdiction based on federal question, but there is concurrent state jurisdiction. *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 478, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982); *Migra v. Warren City School Dist. Bd. of Education*, 465 U.S. 75, 81, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984). Under Puerto Rico Law the *res judicata* doctrine applies to relitigation of the same claims and/or issues. In the instant case all the elements required under state law are present for the application of the doctrine of *res judicata* "perfect identification must exist between the subject matter, the causes of action, the parties, and the capacity in which they acted and the former judgment by its own nature or by legal provision, must constitute an adjudication on the merits." *Colón v. San Patricio Corporation*, 81 D.P.R. 242, 264, 1959 WL 13595 (1959); *see* P.R. Laws Ann. tit. 31, § 3343 and P.R. Laws Ann. tit. 32, § 1793. The prior judgment between the same parties involving the sick leave claim complies with all the state principles of res judicata, hence, there is claim preclusion as to sick leave. Even if this Court were to apply federal principles of *res judicata*, the result would be identical since the federal requirements of (1) final judgment on the merits in the early action, (2) sufficient identity between the causes of action in the earlier and latter suits and sufficient identity between the parties in the two suits, are all present in the instant case. *Apparel Art Int.'l Inc. v. Amertex Enterprises, Ltd.*, 48 F.3d 576, 583 (1st Cir.1995). The claim for sick leave in the present case would, thus, be barred using federal standards.

■ The claim for overtime under Puerto Rico Law would also be barred not only because they are arbitrable under Puerto Rico Law, *Pérez v. A.F.F.*, 87 D.P.R. 118, 1963 WL 15028 (1963) but also because under *res judicata* claim preclusion principles both federal and state (P.R.) "a final judgment on the merits of an action precludes the parties or their privies from relitigating claims that

were raised or could have been raised in that action." *Apparel Art Int.'l Inc.*, 48 F.3d at 583 and *Colón*, 81 D.P.R. at 264, 1959 WL 13595. *See also Porn v. National Grange Mut. Ins. Co.*, 93 F.3d 31, 34 (1st Cir.1996); and *Rodríguez Rodríguez v. Dr. Wallace A. Colberg*, 92 J.T.S. 102 (1992). There is, therefore, preclusion as to the claim of overtime under local law because the claim for overtime "could have been raised" in the first complaint (93–6123).

The instant case as a second complaint seeking sick leave and overtime under local law is therefore barred against Sea Land Service, Inc. under the doctrine of *res judicata* (claim preclusion) using state or local principles except as to the claim that "the union and the defendant did not bring any attention to his complaint ... both acted superficially and doubted as to plaintiff's rights."

■ As to this claim the Court agrees with defendant Sea Land Service, Inc.'s contention that this cause of action is in the nature of a hybrid breach of contract duty of fair representation under the cases of *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967); *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983); and *Hines v. Anchor Motor Freight Inc.*, 424 U.S. 554, 570–71, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976). Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 "a plaintiff must prove both that the employer broke the collective bargaining agreement and that the Union breached its duty of fair representation in order to recover against either the employer or the union." *Chaparro–Febus v. Local 1575*, 983 F.2d 325, 330 (1st Cir.1992).

■ Hybrid causes of action under § 301 of the Labor Management Relations Act have the limitations period of six months of Section 10(b) of the Act, 29 U.S.C.S. 160(b). *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). Constructive knowledge triggers the time period, *Graves v. Smith's Transfer Corp.*, 736 F.2d 819, 820 (1st Cir. 1984).

■ The pertinent facts are as follows:

(1) The local court dismissed the first complaint on April 1, 1993 and notified the same on April 2, 1993.

(2) On May 21, 1993 Plaintiff Medina filed a grievance pursuant to the arbitration procedure.

(3) The License Personnel Board composed of two management and two union members is the designated "arbitrator" and is required to meet every month to handle all grievances filed during the past month.

(4) The grievance of the plaintiff was required to be handled by the arbitrator on June 1993—the month after the May 1993 filing.

(5) The agreement mandates that the decision of the arbitrator be rendered within fifteen days after the monthly hearing.

(6) The grievance of Plaintiff should have been decided by July 15, 1993.

(7) Plaintiff filed the instant complaint in state court on February 9, 1994 and defendant removed the same on February 15, 1994.

Since Plaintiff had constructive knowledge that the Personnel Board was handling perfunctorily his complaint since July 15, 1993, a complaint filed on February 9, 1994 is time barred (filed in excess of six months) pursuant to the doctrine of *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983).

■ Further in the instant case Defendant has proffered evidence that Plaintiff is an executive and, therefore, exempt from local overtime and mandatory decree claims. P.R. Laws Ann. tit. 29, § 288; and tit. 29, § 246. Plaintiff has failed to proffer any evidence whatsoever that the union failed in its duty of fair representation by engaging in "arbitrary,

discriminatory, or bad faith" conduct. Mere error by the union is insufficient at law because "irrational" and "arbitrary" conduct is required. *Ford Motor Co. v. Huffman*, 345 U.S. 330, 338, 73 S.Ct. 681, 97 L.Ed. 1048 (1953). Since Plaintiff must prove both a violation to a contract and/or a statute and that the union breached its duty of fair representation, the hybrid claim of Plaintiff under § 301 of the L.M.R.A. therefore fails to prove an indispensable element and must also be dismissed as insufficient.[2]

## II. THE AMENDED COMPLAINT— THE FLSA CAUSE OF ACTION

There remains only the matter of Plaintiff's request to amend the complaint to include a claim under the Fair Labor Standards Act for overtime[3] not otherwise claimed except via an amendment to the complaint filed after the summary judgment request was made. The amendment to the complaint had not been properly docketed by the Clerk's office because the same was filed together with the Opposition to the Summary Judgment and had lingered unnoticed in the file since August 2, 1994. The Court grants the opposed request to amend the complaint without prejudging the opposition filed by Defendant at Docket No. 22[4] because amendments to complaints are to be "freely given when justice so requires". Fed. R.Civ.P. 15(a).

■ However, since Fair Labor Standard complaints may be brought both before state as well as federal courts, 29 U.S.C. § 160(b), *Freudenberg v. Harvey*, 364 F.Supp. 1087 (E.D.Pa.1973); *Swanson v. Best Buy Co. Inc.*, 731 F.Supp. 914 (S.D.Iowa 1990), Plaintiff pursuant to the doctrine of *res judicata*, claim preclusion, (either under state or federal standards) could have raised the federal overtime claim in the first state court complaint filed in 1993, civil number 93–0123.

2. Defendant alleged also that the case must be dismissed because the case lacks the union as an indispensable party. The matter has been adversely determined by the First Circuit Court of Appeals in the case of *Hayes v. New England Millwork Distributors, Inc.*, 602 F.2d 15, 18 n. 2 (1st Cir.1979) citing *Kaiser v. Local 83*, 577 F.2d 642, 644 (9th Cir.1978).

3. Contrary to wage and hour claims under local law, Fair Labor Standards claims under federal law are not arbitrable. *Barrentine v. Arkansas–Best Freight System, Inc.*, 450 U.S. 728, 101 S.Ct. 1437, 67 L.Ed.2d 641 (1981).

4. The Court notes that defendant is alleging that the complaint is in reality exclusively one under local law.

Hence, the F.L.S.A. complaint herein authorized is barred by the doctrine of *res judicata*, claim preclusion. *Porn v. National Grange*, 93 F.3d at 34; *Colón v. San Patricio*, 81 D.P.R. at 264. The state judgment therefore has preclusive effect over the F.L.S.A. cause of action. *Swanson v. Best Buy*, 731 F.Supp. at 916–18. However, the preclusive effect is not total. Fair Labor Standard Act causes of action accrued after April 1, 1993 are not covered by the judgment having claim preclusion effect because these causes of action arose after the judgment.[5] Hence, Plaintiff's FLSA amended complaint shall survive from April 2, 1993 until February 9, 1994 the date of filing of the instant case. The Court grants relation back to the F.L.S.A. amended complaint pursuant to Fed.R.Civ.P. 15(c) because the claim is against an existing party in the case. *Wilson v. U.S. Government*, 23 F.3d 559, 562–63 (1st Cir.1994).[6]

Therefore, the instant case is dismissed except for any overtime Fair Labor Standard claim of Plaintiff from April 1, 1993 onward until the retirement of Plaintiff.

IT IS SO ORDERED.

---

5. The overtime causes of action based on local law accruing after the Judgment of April 1, 1993, however, are dismissed because these are subject to arbitration. *Pérez v. AFF*, 87 D.P.R. 118.

6. A word of caution, Plaintiff is alleged to be a retired worker, the statute of limitations and the accrual of the cause of action runs either two or three years, from the last date of employment depending on the existence of a willful violation by the employer, 29 U.S.C. § 255; the complaint may be time barred or further partially time barred depending on the date of retirement of Plaintiff. The Court further does not prejudge the affirmative defense of executive or administrator claimed by Defendant Sea Land Services, Inc. nor the allegation of defendant that the amended complaint is in reality not an FLSA claim.