# IN THE COURT OF APPEALS OF IOWA

No. 17-0972
Filed February 21, 2018

IN THE MATTER OF J.S.,
Alleged to be Seriously Mentally Impaired,

J.S.,
   Respondent-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Beth A. Tigges, Magistrate.

A person previously subject to a mental health commitment appeals the denial of his petition to reinstate firearm privileges. **APPEAL DISMISSED.**

Grant C. Gangestad of Gourley, Rehkemper & Lindholm, P.L.C., West Des Moines, for appellant.

Thomas J. Miller, Attorney General, and J. Bradley Horn, Assistant Attorney General, for appellee State.

Considered by Doyle, P.J., and Tabor and McDonald, JJ.

**TABOR, Judge.**

More than a decade ago, J.S. was subject to a mental health commitment. As a result, he cannot legally possess a firearm. *See* Iowa Code § 724.31(1) (2016). In 2016, he filed a petition for relief from the firearm disabilities. *See id.* § 724.31(2). The matter was heard by a Polk County magistrate, who denied relief. J.S. filed a notice of appeal from the magistrate's order.

The State moved to dismiss the appeal, asserting the magistrate did not have jurisdiction to consider the petition. J.S. did not file a resistance. The supreme court ordered the motion to dismiss to be submitted with the appeal. The parties filed their briefs, and the supreme court transferred the case to us. In its appellee's brief, the State renewed its motion to dismiss on jurisdictional grounds. In his reply brief, J.S. "does not disagree that the instant matter may be outside the jurisdiction conferred to magistrates."

Before reaching the merits of a case, we must decide if our court has subject matter jurisdiction. *See In re B.T.G.*, 784 N.W.2d 792, 795 (Iowa Ct. App. 2010). After reviewing the procedural history of this case, the applicable statutes, and the parties' positions, we conclude we do not.

The magistrate lacked subject matter jurisdiction to decide the petition for reinstatement of firearms rights. The jurisdiction of magistrates is spelled out in Iowa Code section 602.6405. *See State v. Moret*, 486 N.W.2d 589, 591 (Iowa 1992). That code section does not contemplate magistrates deciding petitions seeking restoration of firearm rights. *See* Iowa Code § 602.6405. Because the magistrate lacked jurisdiction, the magistrate's order is void. *See Wilson v. Iowa Dist. Ct.*, 297 N.W.2d 223, 226 (Iowa 1980) (holding district court decision was of

no effect where court lacked jurisdiction to entertain appeal). A void order cannot be considered on appeal. *See In re L.H.*, 890 N.W.2d 333, 338–39 (Iowa Ct. App. 2016). Accordingly, we dismiss the appeal.

**APPEAL DISMISSED.**