# IN THE COURT OF APPEALS OF IOWA

No. 18-0655
Filed June 5, 2019

**RICHARD COBERLY,**
    Plaintiff-Appellant,

**vs.**

**CAROLYN J. MILS and LISA JEAN GREEN,**
    Defendants-Appellees.
_____

Appeal from the Iowa District Court for Pottawattamie County, Jeffrey L. Larson, Judge.

Richard Coberly appeals from the grant of summary judgment in favor of the appellees. **AFFIRMED.**

Daniel J. McGinn of McGinn, Springer & Noethe, P.L.C., Council Bluffs, for appellant.

Jay W. Mez, Council Bluffs, for appellees.

Considered by Vogel, C.J., and Vaitheswaran and Mullins, JJ.

**VOGEL, Chief Judge.**

Richard Coberly appeals from the grant of summary judgment in favor of Carolyn Mils and Lisa Green after the district court found his petition was barred by claim preclusion. Because Richard did not assert a defense that his debt was paid in the prior small claims action, we agree with the district court that his repackaged claim of fraud and conversion of funds is barred by claim preclusion. Summary judgment was appropriate, and we therefore affirm.

According to Richard's petition, he made monthly payments to Green to live at her residence and to purchase a truck from her. When he began missing payments, Mils, Green's mother, told Barbara Coberly, Richard's mother, about the delinquency, asserting Green needed the money to pay her real estate taxes. On September 8, 2015, Barbara sent a $1500 check to Mils to cover the late payments without Richard's knowledge. On September 23, Green sued Richard for replevin and past-due rent in separate small claims actions. The matters proceeded to trial, where no one mentioned Barbara's $1500 check to Mils. The court entered judgments in favor of Green for $5000 and $1200, and Richard began making payments on the judgment. In late December 2016, Richard learned of Barbara's payment to Mils. At some point, Green claimed Richard had defaulted and began garnishment proceedings. On April 26, 2017, Richard filed the petition here claiming that Green and Mils acted fraudulently, that Green "used the judicial process to garnish excessive amounts from [his] account," and that he is entitled to a $1500 credit against his earlier judgments due to Barbara's check to Mils. The district court found his claim was precluded by the earlier small claims

action and granted summary judgment in favor of Green and Mils.[1]  Richard appeals.

We review a grant of summary judgment for correction of errors at law. *Pavone v. Kirke*, 807 N.W.2d 828, 832 (Iowa 2011).  "If there is no genuine issue of material fact after a review of the entire record, summary judgment is appropriate."  *Id.*  "[W]e examine the record in a light most favorable to the nonmoving party to determine if the moving party has met its burden" of establishing the absence of any genuine issues of material fact.  *Id.*

> To establish claim preclusion a party must show: (1) the parties in the first and second action are the same parties or parties in privity, (2) there was a final judgment on the merits in the first action, and (3) the claim in the second suit could have been fully and fairly adjudicated in the prior case (i.e., both suits involve the same cause of action).

*Id.* at 836.

As stated in his petition, Richard's underlying claim is whether he "is entitled to conversion relief in this matter and should be given a credit for the [$1500] paid by Barbara Coberly against his past due rent and truck payment."  Essentially, he argues the amounts of the small claims judgments are incorrect.  While the small claims files are not included in this record on appeal, there is no dispute that Richard failed to make the rent and truck payments to Green.[2]  A hand-written letter dated May 3, 2017, from Mils to Barbara states: "Here is the money you sent me to help [Green] keep her house out of foreclosure, after Richard cheated her

---

[1] The district court did not rule on the appellees' motion to dismiss, which asserted several grounds for dismissal, including Richard failed to state a claim or cause of action upon which relief can be granted and Richard is not the real party in interest.

[2] The record does not indicate how much he eventually paid on the judgment or how much he claims was garnished from his "account."

out of Rent and took off with her truck. Thank you! The court just turned the money over to [Green] Thursday. Thanks Again. It really helped." A check for $1500 from Mils to Barbara was enclosed but returned as rejected by Barbara. In this litigation, Richard claims "fraud" in that the money should have been applied to his outstanding debt to Green, which would have been a defense to the small claims actions. However, Richard has presented no facts or legal argument to support the idea that money sent from his mother, Barbara, to Green's mother, Mils, so Green could pay her real estate taxes should exonerate his obligation to make his payments to Green. The small claims judgments were correctly entered against him.

Richard asserts he should not be precluded from pursuing this action because the parties are not the same as the small claims action due to the addition of Mils.[3] *See id.* However, both actions involved Richard's obligation to pay Green. He asserted no defense to that in the small claims actions, and his belated information as to money exchanged between Barbara and Mils does not allow him to relitigate his debt to Green. While Richard also questions the adequacy of procedures available to him in small claims court, we agree with the district court that both the small claims action and this action "involve the same cause of action." *See id.*; *see also Bagley v. Hughes A. Bagley, Inc.*, 465 N.W.2d 551, 554 (Iowa Ct. App. 1990) ("[T]he adjudication of a claim in small claims court can have a preclusive effect within the regular jurisdiction of the district court.").

---

[3] Because the small claims judgments against Richard were correctly entered, if there is any dispute as to the $1500, it is between Barbara and Mils. Richard is not party to whatever arrangement was reached between the two mothers.

Finally, Richard argues the sparse record cannot support summary judgment. Summary judgment is based on "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any." Iowa R. Civ. P. 1.981(3). As explained above, Richard's petition, Mils's letter, and Barbara's affidavit are sufficient for the appellees to show no genuine issue of material fact exists regarding claim preclusion. *See id.* Therefore, we affirm the district court's grant of summary judgment. We deny the appellees' request for appellate attorney fees.

**AFFIRMED.**