Pedro **MUNIZ CORTES,**
et al., Plaintiffs,

v.

**INTERMEDICS, INC.,**
et al., Defendants.

**Civil No. 98–1874(DRD).**

United States District Court,
D. Puerto Rico.

Aug. 25, 1999.

Ivan Vega–Lassalle, Hatillo, PR, for plaintiffs.

Manuel E. Andreu–Garcia, San Juan, PR, for defendants.

*OPINION AND ORDER*

DOMINGUEZ, District Judge.

Pending before the Court is Defendant's, Sulzer Intermedics, Inc. ("Intermedics"),[1] Motion For Summary Judgment. (Docket No. 11). Plaintiffs opposed. (Docket Nos. 12 & 13). Thereafter, Intermedics replied. (Docket No. 16). For the reasons that follow, the Court **GRANTS** the motion and this case is **DISMISSED.**

## I. BACKGROUND

The facts of this case are largely uncontroverted[2] and contained within Intermedics' Statement of Uncontested Facts and are recited as follows.

1. On December 14, 1994, Mrs. Clotilde Díaz Sustache, 80 years old, a cardiac patient, underwent surgery to have a pacemaker implanted by her cardiologist. The pacemaker chosen and implanted was an Intermedics model 430–07, series number 84901MQ. Said surgery was performed at the Hospital Bella Vista, in Mayaguez, Puerto Rico.

2. On August 18, 1995, Mrs. Clotilde Díaz Sustache died at the Hospital San Carlos Borromeo, in Moca, Puerto Rico.

3. On January 12, 1996, plaintiff's Pero (sic) Muñiz Cortés and the estate of Clotilde Díaz Sustache, composed by Pedro Angel Muñiz Díaz, Luis Muñiz Díaz, José Ismael Muñiz Díaz, Maria Antonia Muñiz Díaz, María Elena Muñiz Díaz, Monserrate Muñiz Díaz, Carmen Sara Muñiz Díaz, Lydia María Muñiz Díaz, Jorge M. Muñiz Díaz, Miriam Muñiz Cabán, and Diana Muñiz Cabán, and others not parties in the instant case, filed a products liability complaint pursuant to Article 1802 of the Puerto Rico Civil Code before the Superior Court of Puerto Rico, Aguadilla Part, civil no. ADP 96–0007, against Intermedics, Inc. (*now known as Sulzer Intermedics, Inc.*) and others not parties herein, requesting compensation for their alleged damages caused by the death of Mrs. Clotilde Díaz Sustache. The sole allegation against Intermedics, Inc., was to the effect that the alleged manufacturing defects, design defects and/or insufficiency in the warnings of the pacemakers and/or electrodes implanted in the deceased were the proximate and immediate cause of her death. **See Complaint included as Exhibit A.**

4. The case was later moved to the Mayaguez Superior Part, IDP 96–0107.

5. After various procedural incidents, the appearing party filed on June 18, 1996 a motion for summary judgment where it requested the dismissal of the complaint filed against it arguing that the amendments to the Federal Drug and Cosmetic Act, 21 U.S.C. § 360c et seq., known as the Medical Device Act; prevented plaintiffs from being able to file a cause of action against it before a judicial forum under the circumstances of this case. (See Motion Requesting Partial Summary Judgment included as Exhibit B).

6. On August 8, 1997, the Superior Court entered partial summary judgment dismissing the complaint as to the appearing party and another codefendant, not party herein, under the doctrine of preemption. (See judgment included as Exhibit C).

---

1. Sulzer Intermedics, Inc. was previously known as Intermedics, Inc.

2. Plaintiffs admitted Intermedics' Statement of Uncontested Facts numbers 1–8, and 11 and did not address numbers 13 and 14. (Docket No. 13). As for number 9, the Plaintiff "denied [it] as stated. The Partial Judgment of the Superior Court of Mayaguez was not on the merits of the case. In such judgment the Hon. Manuel Vera, stated that the local courts were not properly the forum because it was preempted by federal law." *Id.* The first sentence of number 10 was admitted, but the rest was denied. *See id.* Lastly, Number 12 was "denied as stated. On such judgment, after various communications such as letters, telephone calls etc., in which defendants agreed to submit themselves to the jurisdiction of this Honorable Court, and in a bad faith manner they did not do so." *Id.*

7. The partial summary judgment was notified to the parties on September 3, 1997.

8. The plaintiffs did not file a petition for appeal before the Circuit Court of Appeals of Puerto Rico.

9. The partial summary judgment entered by the Superior Court is thus final, firm and binding upon the parties.

10. On December 22, 1997 plaintiffs filed another complaint before this Honorable Court against Intermedics, Inc., Mario Pelegrina, Inc. and other, (sic) civil no. 97–2889(SEC). This complaint was identical as to the one filed in the Superior Court of the Commonwealth of Puerto Rico.

11. On January 30, 1998 this Honorable Court issued a partial judgment dismissing said complaint against co-defendant Mario Pelegrina, Inc., without prejudice.

12. On June 30, 1998 this Honorable Court issued another judgment dismissing the complaint without prejudice against Intermedics, Inc.

13. On July 31, 1998 plaintiffs filed the instant action requesting compensation for the damages suffered as a result of the death of Mrs. Clotilde Díaz Sustache. This action is also identical to the complaint filed before the Superior Court of the Commonwealth of Puerto Rico, where a judgment was rendered in favor of the appearing codefendant.

14. Plaintiffs have sued the appearing codefendant pursuant to Article 1802 of the Civil Code of Puerto Rico, despite the final and binding judgment issued by the Superior Court of Puerto Rico regarding the same facts.

(Docket No. 11) (emphasis in original).

## II. SUMMARY JUDGMENT STANDARD

A court should grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact ..." FED.R.CIV.P. 56(c). "In applying this formulation, a fact is 'material' if it potentially affects the outcome of the case," *Vega–Rodriguez v. Puerto Rico Tel. Co.*, 110 F.3d 174, 178 (1st Cir.1997), and " 'genuine' if a reasonable factfinder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." *Cortés–Irizarry v. Corporación Insular De Seguros*, 111 F.3d 184, 187 (1st Cir.1997). The court should " 'look at the record ... in the light most favorable to ... the party opposing ... the motion' ... [and] indulge all inferences favorable to the party opposing the motion." *Hahn v. Sargent*, 523 F.2d 461, 464 (1st Cir.1975) (quoting *Poller v. Columbia Broadcasting System*, 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962)) (citations omitted). However, the nonmovant must "present definite, competent evidence to rebut the motion." *Mesnick v. General Electric Co.*, 950 F.2d 816, 822 (1st Cir. 1991), *cert. denied*, 504 U.S. 985, 112 S.Ct. 2965, 119 L.Ed.2d 586 (1992). "The court may consider any material that would be admissible or usable at trial." *See* 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER AND MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2721, at 361 (3d ed.1998). "But the court should do no more than this in reviewing the quality of the evidence. Most critically, it must never 'weigh the evidence and determine the truth of the matter....' " *Lipsett v. University of P.R.*, 864 F.2d 881, 895 (1st Cir.1988) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986)). Furthermore, "[n]o credibility assessment may be resolved in favor of the party seeking summary judgment." *Woodman v. Haemonetics Corp.*, 51 F.3d 1087, 1091 (1st Cir.1995) (citations omitted). "Summary judgment may be appropriate if the nonmoving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation." *Medina–Muñoz v. R.J.*

Reynolds Tobacco Co., *896 F.2d 5, 8 (1st Cir.1990)*.

## III. DISCUSSION

Intermedics argues that the instant claim is precluded, on the grounds of *res judicata,* because the claim has already been adjudicated against plaintiffs by the Superior Court of Puerto Rico. Intermedics asserts that the doctrine applies because when the cases are juxtaposed there is complete identity between things, causes, persons of the litigants, and their capacity as such.

Plaintiffs, on the other hand, counter by urging that the previous judgment by the Superior Court of Puerto Rico simply found that preemption precluded the causes of action in the state forum. Further, Plaintiffs reason, the judgment was not on the merits of the case and *res judicata* is inappropriate in the present action.

 Irrefutably, this federal court must give full faith and credit to a final judgment by the Commonwealth of Puerto Rico courts. *See Baez–Cruz v. Municipality of Comerio,* 140 F.3d 24, 28 n. 1 (1st Cir.1998); *see also* 28 U.S.C. § 1738. And the Court must look to local law, that is Puerto Rico law, to ascertain the judgments preclusive effects. *Id.* at 28–29. Puerto Rico law, Article 1204, provides in pertinent part:

> "In order that the presumption of res judicata may be valid in another suit, it is necessary that, between the case decided by the sentence and that in which the same is invoked, there be the most perfect identity between the things, causes, and persons of the litigants, and their capacity as such."

P.R.Laws Ann. tit. 31, § 3343; *see also* P.R.Laws Ann. tit. 32, § 1793. The Court finds particularly instructive the following:

> "Under Puerto Rico Law the res judicata doctrine applies to relitigation of the same claims and/or issues. In the instant case all the elements required under state law are present for the application of the doctrine of res judicata 'perfect identification must exist between the subject matter, the causes of action, the parties, and the capacity in which they acted and the former judgment by its own nature or by legal provision, must constitute an adjudication on the merits.' *Colon v. San Patricio Corporation,* 81 D.P.R. 242, 264, 1959 WL 13595 (1959); *see* P.R.Laws Ann. tit. 31, § 3343 and P.R.Laws Ann. tit. 32, § 1793."

*Molina v. Sea–Land Servs.,* 2 F.Supp.2d 180, 183 (D.P.R.1997). The Court finds and Plaintiffs do not contest, that a plain reading of the complaint filed at the Superior Court of Puerto Rico and the complaint filed in this case reveals that there is complete identity of subject matter, causes of action, and parties. *See* (Docket No. 11, Statement of Uncontested Facts—Nos. 3 & 13); *also compare* (Docket No. 1) and (Docket No. 11, Exh. A). Instead, Plaintiffs put all their eggs in the basket that the prior judgment does not "constitute an adjudication of the merits." To this remaining issue the Court turns.

The Plaintiffs admit that the Superior Court, on August 8, 1997, entered partial summary judgment and notified the parties on September 3, 1997. *See* (Docket No. 11, Statement of Uncontested Facts—Nos. 6 & 7); *see also* (Docket No. 11, Exh. C). Further, Plaintiffs did not appeal said judgment. *See* (Docket No. 11, Statement of Uncontested Facts—No. 8). In the English translation of its "Partial Judgment," the Superior Court of Puerto Rico stated:

> 'The aforecited M.D.A., supra, establish the organism which regulate the sale of medical products which occupy us, 21 USCA 360, et seq. Section 360k(a) clearly provides that there will be preemption as to everything related to the effectiveness and safety of these products.
>
> From an examination of the jurisprudence cited by the petitioners, especially *Martínez Caraballo v. Intermedics, Inc.,*

886 F.Supp. 974, 976 (1995) and *Mendes v. Medtronic, Inc.*, 18 F.2d 13, 14 (1st Cir.1994) it appears that the courts have resolved that causes of action for defects in manufacture, design or inadequate warnings of pacemakers and their cables and other medical products, *when* the sale and marketing of these has been allowed by the F.D.A. directly or through a 510(k) Notice of the M.D.A., they are covered by federal law. This notice is the one that a manufacturer should present to the F.D.A. informing it of the safety and effectiveness of the product, after which the F.D.A. will determine whether to allow or not its sale. 21 U.S.C.A. § 360(k).

As the petitioner correctly states, the field has been preempted for the benefit of the public interest, since if the litigation of these cases is allowed in the state courts, requirements that are additional and different to those established by federal law could be imposed. *Mendes v. Medtronic*, supra, at page 19.

In this case, the documentary evidence presented in support of the motion for summary judgment involved herein, certifies the approval of the pacemakers in controversy by the F.D.A. (See Exhibits A and B). The allegations of the complaint are directly related to the safety and effectiveness of the pacemakers in controversy, which would definitely question its process of manufacture and design. (See Paragraph 14 of the complaint).

. . . . .

In this case, as to the claim filed by the plaintiffs against Intermedics, Inc. and Mario Pelegrina, Inc., there is a preemption as provided by Section 360k(a) of the M.D.A. supra. Plaintiffs are barred from litigating these causes of action before this forum. There is no controversy with regard to this.

Wherefore, and since there is no reason to postpone the same until the final resolution of this action, Rule 43.5 of Civil Procedure, we resolve and dismiss the complaint as to Intermedics, Inc. and Mario Pelegrina, Inc.'

(Docket No. 11, Exh. C). The judgment contains the "express[ed] determination that there is no just reason for delay in pronouncing judgment on such claims until final adjudication of the case and ... express[ed] direction for entry of judgment," pursuant to Rule 43.5, and is therefore final. P.R.Laws Ann. tit. 32, App. III Rule 43.5.

The Court holds that the judgment promulgated by the Superior Court of Puerto Rico constitutes an adjudication on the merits. The opinion acknowledges that federal law was controlling over Plaintiffs case. (Docket No. 11, Exh. C) ("From an examination of the jurisprudence cited by the petitioners, especially *Martinez Caraballo v. Intermedics, Inc.*, 886 F.Supp. 974, 976 (D.P.R.1995) and *Mendes v. Medtronic, Inc.*, 18 F.3d 13, 14 (1st Cir.1994) it appears that the courts have resolved that causes of action for defects in manufacture, design or inadequate warnings of pacemakers and their cables and other medical products, *when* the sale and marketing of these has been allowed by the F.D.A. directly or through a 510(k) Notice of the M.D.A., they are covered by federal law." *Id.*). Then, applying federal law to the facts of Plaintiffs case, the Court made the determination that federal law preempts Plaintiffs lawsuit and bars Plaintiffs' causes of action. (Docket No. 11, Exh. C) ("In this case, as to the claim filed by the plaintiffs against Intermedics, Inc. and Mario Pelegrina, Inc., there is a preemption as provided by Section 360(k)a of the M.D.A. supra. Plaintiffs are barred from litigating these causes of action before this forum. There is no controversy with regard to this"). The Court interprets that the Commonwealth Court held that preemption applied to the case and that under federal law, no state cause of action could be ascertained against defendants. The Commonwealth Court therefore, decided the state cause of action on the merits and a new state cause of action

is consequently barred.[3] The Court need go no further.

Wherefore, Intermedics' Motion For Summary Judgment (Docket No. 11), is hereby **GRANTED** on the grounds of *res judicata* and/or collateral estoppel and this case is **DISMISSED.** Judgment is to be entered accordingly.

IT IS SO ORDERED.

---

**3.** Although the Plaintiffs may aver that the Superior Court's judgment of August 8, 1997 was incorrectly decided, in light of *Medtronic v. Lohr,* 518 U.S. 470, 116 S.Ct. 2240, 135 L.Ed.2d 700 (1996) (Decided June 26, 1996), notwithstanding, the judgment must be given preclusive effect. *Bolker v. Tribunal Superior y Sosa, Interventores,* 82 D.P.R. 816, 801 (1961) ("[T]he defense of res judicata may be set up even if the grounds of the judgment are erroneous.").