# United States Court of Appeals
## For the First Circuit

No. 99-2193

PEDRO MUÑIZ CORTES and the estate of CLOTILDE DIAZ SUSTACHE,
composed by PEDRO ANGEL MUÑIZ DIAZ, LUIS MUÑIZ DIAZ,
JOSE ISMAEL MUÑIZ DIAZ, MARIA ANTONIA MUÑIZ DIAZ,
MARIA ELENA MUÑIZ DIAZ, LYDIA MARIA MUÑIZ DIAZ,
JORGE M. MUÑIZ DIAZ, MIRIAM MUÑIZ CABAN, and DIANA MUÑIZ
CABAN,

Plaintiffs, Appellants,

v.

INTERMEDICS, INC., SULZER INTERMEDICS, INC., ABC COMPANY AND
XYZ INSURANCE COMPANY,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Daniel R. Domínguez, U.S. District Judge]

Before

Selya, Circuit Judge,
Bownes, Senior Circuit Judge,
and Stahl, Circuit Judge.

Ulpiano Falcón Matos, with whom Roberto Rafols Dávila was
on brief for appellants.

Joseph J. Leghorn, with whom Maria De Los A. Garay and
Manuel E. Andreu Garcia were on brief for appellees.

October 3, 2000

**BOWNES, Senior Circuit Judge.** Plaintiff-appellants Pedro Muniz Cortes and the estate of Clotilde Diaz Sustache appeal from the district court's order of summary judgment dismissing claims against defendant-appellees. We affirm.

## I.

On December 14, 1994, Clotilde Diaz Sustache had a pacemaker surgically implanted at the Hospital Bella Vista in Mayaguez, Puerto Rico. The pacemaker was manufactured by Intermedics. After this pacemaker failed, a second Intermedics pacemaker was implanted. On August 18, 1995, following the failure of the second pacemaker, Diaz Sustache died.

On January 12, 1996, appellants filed a complaint against Intermedics and others in the Superior Court of Puerto Rico. Appellants sought damages from Intermedics pursuant to Article 1802 of the Puerto Rico Civil Code, alleging that "manufacturing defects, design defects and/or insufficiency in the warnings of the pacemakers and/or electrodes implanted in the deceased were the proximate and immediate cause of her death." On August 8, 1997, the Superior Court entered partial summary judgment in favor of Intermedics on the ground that the

Medical Device Amendments to the Food, Drug and Cosmetics Act, 21 U.S.C. § 360c et seq., preempted appellants' claims.[1]

Appellants did not appeal from the superior court's order of judgment. Rather, they filed another complaint against Intermedics and others, this time in the United States District Court for the District of Puerto Rico. There, appellants reiterated their claim that Intermedics acted negligently under Article 1802 of the Puerto Rico Civil Code; they also alleged that Intermedics failed to comply with Food and Drug Administration regulations with regard to the pacemaker. Intermedics moved for summary judgment on the ground that appellants' claims had already been adjudicated by the Superior Court of Puerto Rico and therefore were precluded. The district court allowed Intermedics' motion for summary judgment on the

---

[1]The superior court based its determination on 21 U.S.C. § 360k(a), which provides:

> Except as provided in subsection (b) of this section, no State or political subdivision of a State may establish or continue in effect with respect to a device intended for human use any requirement—
>
> (1) which is different from, or in addition to, any requirement applicable under this chapter to the device, and
>
> (2) which relates to the safety or effectiveness of the device or to any other matter included in a requirement applicable to the device under this chapter.

grounds of "res judicata and/or collateral estoppel." Muniz Cortes v. Intermedics, Inc., 63 F. Supp.2d 160, 165 (D.P.R. 1999).

## II.

Appellants contend that the district court erred in determining that preclusion barred their complaint. We review a summary judgment de novo, viewing the record in the light most favorable to the nonmoving party to determine whether there exists a genuine issue of material fact. See Sheehy v. Town of Plymouth, 191 F.3d 15, 19-20 (1st Cir. 1999).

Federal courts must give full faith and credit to final judgments of the Commonwealth of Puerto Rico courts. See Baez-Cruz v. Municipality of Comerio, 140 F.3d 24, 28 n.1 (1st Cir. 1998); see also 28 U.S.C. § 1738. To determine the preclusive effect of such a judgment in federal court, we look to Puerto Rico law. See 28 U.S.C. § 1738; Cruz v. Melecio, 204 F.3d 14, 18 (1st Cir. 2000). The Puerto Rico Civil Code sets forth the operation of the doctrine of preclusion:

> In order that the presumption of the res judicata may be valid in another suit, it is necessary that, between the case decided by the sentence and that in which the same is invoked, there be the most perfect identity between the things, causes, and persons of the litigants, and their capacity as such.

P.R. Laws Ann. tit. 31, § 3343. Although this provision speaks of "res judicata," it additionally permits issue preclusion or collateral estoppel. See Baez-Cruz, 140 F.3d at 29. Accordingly, the Supreme Court of Puerto Rico has held that when an issue "essential to the prior judgment is actually litigated and determined by a valid and final judgment, the determination is conclusive in subsequent litigation among the parties." Felix Davis v. Vieques Air Link, 892 F.2d 1122, 1124-25 (1st Cir. 1990) (citing Pereira v. Hernandez, 83 P.R.R. 156, 161 (1961)).

Appellants contend that res judicata does not apply because the superior court's preemption ruling deprived that court of subject matter jurisdiction. It is true that a dismissal for lack of subject matter jurisdiction is not considered to be "on the merits," and therefore is without res judicata effect. See Northeast Erectors Ass'n of BTEA v. Secretary of Labor, Occupational Safety & Health Admin., 62 F.3d 37, 44 (1st Cir. 1995); 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 4436 (1981)).

We have some doubt about the proposition that a dismissal on preemption grounds is not merits-based. But even assuming arguendo that res judicata does not bar the federal district court from adjudicating appellants' claims, the

-6-

doctrine of collateral estoppel prevents the court from rehearing the _issue_ of preemption.[2] Dismissal for lack of subject matter jurisdiction precludes relitigation of the issues determined in ruling on the jurisdictional question. _See_ Wright, Miller & Cooper, _supra_; _cf. Railway Labor Executives' Ass'n_ v. _Guilford Transp. Indus., Inc._, 989 F.2d 9, 11 (1st Cir. 1993) (determination of lack of jurisdiction was "on the merits"); _Walsh_ v. _International Longshoremen's Ass'n, AFL-CIO_, 630 F.2d 864, 870 (1st Cir. 1980) (same). Here, to the extent that the superior court determined that it had no jurisdiction over the matter, it was on the ground that appellants' "causes of action for defects in manufacture, design or inadequate warning" were preempted by the Medical Device Amendments.[3] Under this ruling, the Amendments would preempt appellants' claims in

---

[2]As noted _supra_, the district court's opinion rested on the dual grounds of res judicata and/or collateral estoppel. _See Muniz Cortes_, 63 F. Supp.2d at 165.

[3]Intermedics concedes that the superior court may have erred in holding that the claims were preempted in light of recent Supreme Court law. _See Medtronic, Inc._ v. _Lohr_, 518 U.S. 470 (1996). Substantive error, however, does not deprive a procedurally adequate judicial proceeding of preclusive effect. _See Federated Dep't Stores, Inc._ v. _Moitie_, 452 U.S. 394, 398 (1981) ("[a] judgment merely voidable because based upon an erroneous view of the law is not open to collateral attack, but can be corrected only by a direct review and not by bringing another action"); _Cruz_, 204 F.3d at 19 (citing _Bolker_ v. _Superior Court_, 82 P.R.R. 785, 799-800 (1961)).

-7-

federal court as well as in the superior court. Hence, appellants may not relitigate the issue of preemption.

Appellants also take issue with the district court's conclusion that there existed "perfect identity between the things, causes, and persons of the litigants" as required under the Puerto Rico law of preclusion. See P.R. Laws Ann. tit. 31, § 3343. They point out that the complaint filed in the superior court was limited to commonwealth law, while the complaint filed in federal district court alleged that the pacemaker failed to comply with FDA regulations. Therefore, appellants argue, their "causes" were not identical with the meaning of § 3343.

The fact that appellants advanced different legal theories does not undermine the identity of causes, because the commonwealth law claim presented in the superior court arose from the pacemaker failure, just as did the claims later presented to the federal district court. See Boateng v. InterAmerican Univ., Inc., 210 F.3d 56, 62 (1st Cir. 2000) (no right to bring separate and successive suits on different legal theories arising out of a single nucleus of operative facts) (applying Puerto Rico law). A claim is precluded not only if it was actually raised in a previous suit, but if it could have been raised. See id.

Finally, appellants contend that they are exempt from the usual rules of preemption on the ground that "its application would defeat the ends of justice, especially in the presence of public policy considerations." Baez-Cruz, 140 F.3d at 30 (citing Pagan Hernandez v. University of Puerto Rico, 107 P.R. Offic. Trans. 795, 807 (1978)) (internal quotation marks omitted). We see nothing in the facts of this case to support such an exception. Appellants freely chose to litigate in the superior court and then to forego appeal; "public policy does not require giving them a chance to revisit [those] choice[s]." Id.

Accordingly, we affirm the district court's grant of summary judgment to Intermedics. Because we decide this case on preclusion grounds, we do not reach the issue of whether appellants have a private right of action against Intermedics under the Medical Device Amendments, 21 U.S.C. § 360c et seq.

**Affirmed.**