**Samuel Vazquez LOZANO,**
**et al., Plaintiffs,**

**v.**

**Michael CORONA, et al., Defendants.**

**No. CIV.99–2422 (RLA).**

United States District Court,
D. Puerto Rico.

March 3, 2003.

Frank D. Inserni, Milam, Esq., San Juan, for Plaintiff or Petitioner.

Luis V. Villares–Sarmiento, Esq., Sanchez, Betances & Sifre, San Juan, Salvador J. Antonetti–Stutts, Esq., Department of Justice, Federal Litigation Division, San Juan, for Defendant or Respondent.

### ORDER STAYING PROCEEDINGS

ACOSTA, District Judge.

This 42 U.S.C. § 1983 action was instituted by four (4) former police officers

challenging—on constitutional grounds—the investigation leading to the filing of purportedly unsupported criminal charges against them as well as their expulsion from the police force. The named defendants are three (3) prosecutors, two (2) investigators of the Puerto Rico Department of Justice and the former Police Superintendent. Negligence claims under art. 1802 of the Puerto Rico Civil Code for 37 spouses and relatives of the aforementioned plaintiffs were also included in the complaint based on the supplemental jurisdiction provisions, 28 U.S.C. § 1367(a).

Defendants have moved the court to stay these proceedings, in particular the trial scheduled for March 4, 2003, based on a recent judgment issued in parallel state court proceedings. Plaintiffs have opposed the request arguing that the necessary elements for preclusion are not present and that they have requested additional findings of fact and conclusions of law in the prior case.

Judgments rendered by Puerto Rico state courts are given full faith and credit in this forum as provided for in 28 U.S.C. § 1738. *Baez–Cruz v. Municipality of Comerio,* 140 F.3d 24, 28 (1st Cir.1998). Moreover, local provisions are utilized to determine the preclusive effect of those judgments. *Muñiz–Cortés v. Intermedics, Inc.,* 229 F.3d 12 (1st Cir.2000); *Boateng v. InterAmerican Univ., Inc.,* 210 F.3d 56 (1st Cir.2000).

The pertinent Puerto Rico Civil Code provision requires that for a judgment to have res judicata[1] effect on a subsequent suit it is necessary that there be "the most perfect identity between the things, causes, and persons of the litigants" between both actions. Further, the state court judgment must be final. 31 P.R. Laws Ann. § 3343 (1990).

For purposes of the statute the identity of the "things" will depend on whether "[t]he present action derives from the same nucleus of operative facts, and a ruling in [plaintiff's] favor... would contradict... earlier [factual] determinations." *Boateng,* 210 F.3d at 56.

■ Collateral estoppel attaches to subsequent suits based on issues of fact previously determined by state court—which facts were necessary for its determination—even if additional claims are asserted. *Matosantos Commercial Corp. v. Applebee's Int'l,* 245 F.3d 1203, 1208 (10th Cir.2001) ("[plaintiff] seeks to relitigate the same issues previously decided in the Puerto Rico district court under the guise of new claims for relief; such an approach is inconsistent with the doctrine of collateral estoppel.")

■ The fact that the two actions are premised on different statutes and different legal theories does not avoid the application of § 3343 provided they arise from the same transaction or transactions. *MuñizCortés,* 229 F.3d at 15 ("[the use of] different legal theories does not undermine the identity of causes because [both claims]... arose from the pacemaker failure"); *Boateng,* 210 F.3d at 62 ("difference in the legal theories asserted in two suits that arise from the same transaction... does not undermine the identity of causes between them.")

The statute also provides that "there is identity of persons whenever the litigants of the second suit are legal representatives of those who litigated in the preceding suit, or when they are jointly bound with them or by the relations established by the

---

1. The provision specifically refers to "res judicata" also known as claim preclusion. However, the same principles have been held applicable to the collateral estoppel or issue preclusion doctrine. See *Baez–Cruz,* 140 F.3d at 29.

indivisibility of prestations...." § 3343. This requirement of mutuality, i.e., identity between the parties, has been interpreted liberally. The crucial factor is that the parties be given an opportunity to defend their interests in the previous action. *Baez-Cruz,* 140 F.3d at 29.

Plaintiffs filed a claim for negligent criminal prosecution in local court against the Commonwealth of Puerto Rico for vicarious liability for the acts or omissions of the individual defendants named in these proceedings. On February 7, 2003 the local court determined that plaintiffs had failed to establish that the conduct of the state officials had been negligent and hence, dismissed the complaint.

In the case at bar plaintiffs allege that the individual defendants recklessly and in disregard to their constitutional rights instituted unfounded criminal proceedings. Thus, the § 1983 claims are premised on precisely the same acts and/or omissions of the same local officers as charged in the local suit which the court found did not amount to negligence actionable under art. 1082 of the Puerto Rico Civil Code.

Inasmuch as both actions arose from the same nucleus of operative facts a liability determination in the case at bar could directly contradict the findings of the local court. Further, even though the only defendant named in the previous suit was the Commonwealth of Puerto Rico its responsibility was contingent on precisely the same exact conduct ascribed to the individual defendants herein.

It is important to note that the same former police officers carry the burden of proof in both suits and that the standard of care in these proceedings, i.e., reckless disregard to plaintiffs' constitutional rights

is much higher than the negligence standard applicable in the local action.

■ We acknowledge that § 3343 also requires the finality of the prior judgment for preclusive effect to operate. However, given the multiple parties and witnesses in this case and the complexities of trial the interests of justice and judicial economy warrant a stay until final resolution of the February 7, 2003 judgment.

Accordingly, the Motion Requesting Stay of Proceedings, filed by defendants on February 21, 2003 (docket No. **63**) is **GRANTED.**[2] These proceedings are hereby **STAYED** until further order. Further, Trial set for March 4, 2003 is hereby **CONTINUED SINE DIE.**

Counsel for plaintiffs shall keep the court informed of the results of the efforts to reverse the February 7, 2003 ruling.

IT IS SO ORDERED.

**2.** *See* Plaintiffs' Opposition... filed on February 24, 2003 (docket No. **66**). Defendants' Motion Requesting Leave to File a Reply... filed on February 25, 2003 (docket No. **67**) is **GRANTED.**