**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1127
_____

KAREN E. TUCKER,
                                        Appellant

v.

SECRETARY OF HEALTH AND HUMAN SERVICES
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 1-12-cv-05900)
District Judge: Honorable Robert B. Kugler
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 28, 2014

Before: HARDIMAN, NYGAARD and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 7, 2014)
_____

OPINION
_____

PER CURIAM

        Appellant Dr. Karen Tucker appeals from an order of the District Court dismissing

her complaint.  For the following reasons, we will affirm.

In 1998, Dr. Tucker pleaded guilty to one count of Medicare fraud, in violation of 18 U.S.C. § 1347, in the United States District Court for the Northern District of Texas. See Tucker v. United States, 2001 WL 1613796 (N.D. Tex. December 13, 2001) (denying section 2255 motion to vacate sentence). During this same time period, she sought reimbursement from Medicare for services allegedly rendered to Medicare beneficiaries. In May, 2007, Dr. Tucker filed a civil complaint pro se in the United States District Court for the District of New Jersey, requesting payment of certain claims that had been denied. The Secretary of the United States Department of Health & Human Services moved to dismiss the complaint for lack of subject matter jurisdiction, Fed. R. Civ. Pro. 12(b)(1), arguing that Dr. Tucker had failed to exhaust her administrative remedies. Specifically, the Secretary argued that Dr. Tucker never submitted timely requests for payment on some of her claims, and did not timely prosecute the vast majority of her claims through the entirety of the administrative appeals process. In opposition to the motion to dismiss, Dr. Tucker argued that she was prevented from submitting claims and appellate documentation to Medicare by a United States Magistrate's pretrial release order, issued on March 24, 1998, which made her subject to the condition that she avoid all contact with anyone who might be a witness in her case, including any health care providers, doctors, nursing homes, Medicare personnel, and patients.

The District Court granted the Secretary's motion and dismissed Dr. Tucker's complaint. The District Court concluded that Dr. Tucker arguably satisfied the jurisdictional "presentment" requirement, but further concluded that it was beyond

dispute that she had not fully exhausted her administrative remedies because she did not timely prosecute her claims through the entirety of the administrative appeals process or timely file certain of her claims. See Tucker v. Sebelius, 2010 WL 2761525, at *9 (D.N.J. July 12, 2010) ("[T]he Court concludes that waiver of the exhaustion requirement is not warranted in this case, and that consequently the … Court lacks jurisdiction over Dr. Tucker's Complaint and will dismiss it.").[1] Dr. Tucker then sought reconsideration, asking the District Court to waive the exhaustion requirement. In an order entered on July 25, 2011, the District Court denied the motion for reconsideration. See Tucker v. Sebelius, 2011 WL 3047651 (D.N.J. July 25, 2011).

Dr. Tucker appealed, but we concluded that the District Court properly declined to waive exhaustion and properly dismissed the complaint for lack of subject matter jurisdiction. See Tucker v. Sec'y, Health & Human Serv., 487 F. App'x 52 (3d Cir. 2012). We noted that Dr. Tucker raised no constitutional arguments or issues collateral to her claims for payment, but rather argued that the government had impeded her from exhausting her remedies, see id. at 56.[2] We were not persuaded by this argument and

---

[1] A district court has jurisdiction over an appeal taken from a final, reviewable decision of the Secretary made after a hearing in a Medicare case. 42 U.S.C. § 405(g). Without that final, reviewable decision, however, there is no subject matter jurisdiction in the district courts. See Fitzgerald v. Apfel, 148 F.3d 232, 234 (3d Cir. 1998) (citing Mathews v. Eldridge, 424 U.S. 319, 328 (1976)). There are two prerequisites to § 405(g) jurisdiction: the nonwaivable jurisdictional requirement that a claim for benefits shall have been presented to the Secretary, and the waivable requirement that administrative remedies be exhausted. See Heckler v. Day, 467 U.S. 104, 111 n.14 (1984).

[2] A claim is "collateral" if it is not essentially a claim for benefits. See Fitzgerald, 148 F.3d at 234.

agreed with the District Court that Dr. Tucker had the ability to submit the missing documentation to Medicare, see id. at 56-57.

Dr. Tucker then filed a second complaint in federal district court, again seeking payment for the very same Medicare claims that were the basis for her prior complaint. Seizing upon our prior determination that she had not raised any constitutional or collateral issues, Dr. Tucker asserted jurisdiction based on alleged violations of her constitutional rights and several federal statutes. Dr. Tucker also sought to vacate her conviction for Medicare fraud. The Secretary moved to dismiss the complaint pursuant to Fed. R. Civ. Pro. 12(b)(1) and 12(b)(6), arguing in pertinent part that the District Court's prior judgment had a preclusive effect on, and barred, the new complaint.

The District Court rejected the Secretary's issue preclusion argument and dismissed the complaint in its entirety for failure to state a claim for relief, Fed. R. Civ. Pro. 12(b)(6), see Tucker v. Sebelius, 2013 WL 6054552 (D.N.J. November 15, 2013). Among other determinations, the District Court discussed Dr. Tucker's claims in light of review pursuant to 42 U.S.C. § 405(g), and noted that waiver of exhaustion might be warranted if she had raised a colorable constitutional argument. However, despite her claims that her Fifth, Sixth, Seventh, and Fourteenth Amendment rights had been violated, her complaint failed to articulate a basis for such claims. Although she mentioned "due process" several times in her complaint, her prior civil action established without a doubt that she had had a meaningful opportunity to be heard at the administrative level. The District Court concluded that in her current complaint Dr. Tucker was merely reiterating the same arguments but calling them constitutional

4

violations. Accordingly, subject matter jurisdiction was still lacking. See id. at *12

("The Court has examined the complaint for any allegations implicating constitutional

rights that were missing from her prior complaint, but has found none."). The District

Court also held that it lacked jurisdiction to review Dr. Tucker's conviction pursuant to

28 U.S.C. § 2255(h).[3] Dr. Tucker later filed a post-judgment motion, which the District

Court treated as a motion for reconsideration, Fed. R. Civ. Pro. 59(e), and denied.

Tucker appeals. We have jurisdiction under 28 U.S.C. § 1291. The Secretary has

argued in her brief on appeal that Dr. Tucker's second complaint should have been

dismissed pursuant to Fed. R. Civ. Pro. 12(b)(1) for lack of subject matter jurisdiction

because the District Court's prior judgment had a preclusive effect on, and barred, the

second complaint. The District Court's subject matter jurisdiction may be challenged at

any time, including on appeal. See In re: Kaiser Group International Inc., 399 F.3d 558,

565 (3d Cir. 2005). We have stated that we have a "special obligation" to satisfy

ourselves not only of our own jurisdiction, but also that of the District Court in a cause

under review. See Wujick v. Dale & Dale, Inc., 43 F.3d 790, 792 (3d Cir. 1994). See

also Gov't of Virgin Islands v. Hodge, 359 F.3d 312, 322 (3d Cir. 2004) ("Questions of

original jurisdiction are always automatically before this Court on appellate review.").

---

[3] The Secretary has advised us that Dr. Tucker pursued a petition for writ of error coram nobis in the federal district court in Texas because she is no longer in custody for purposes of section 2255 jurisdiction. The petition was denied and her appeal to the United States Court of Appeals for the Fifth Circuit was unsuccessful. See Appellee's Brief, at 3-4. We agree with the District Court that there is no basis for Dr. Tucker to challenge her conviction in the federal district court in New Jersey.

We will affirm the District Court's order dismissing the complaint on the basis of a lack of subject matter jurisdiction. We agree with the Secretary that the District Court's prior judgment dismissing Dr. Tucker's first complaint for lack of subject matter jurisdiction had a preclusive effect on, and barred, the second complaint. A judgment dismissing an action for lack of jurisdiction ordinarily has no preclusive effect on the cause of action originally raised, but it does have a preclusive effect on matters actually litigated. See Kasap v. Folger Nolan Fleming and Douglas, Inc., 166 F.3d 1243, 1248 (D.C. Cir. 1999) ("even a case dismissed *without* prejudice has preclusive effect on the jurisdictional issue litigated"). The issue of the District Court's subject matter jurisdiction was actually litigated in Dr. Tucker's first cause of action. Dismissal of the prior suit for lack of subject matter jurisdiction thus barred relitigation of the jurisdictional question. See Hill v. Potter, 352 F.3d 1142, 1146-47 (7th Cir. 2003) (although dismissal is without prejudice because court did not have power to decide case on the merits, it is preclusive with respect to jurisdictional ruling that plaintiff failed to exhaust administrative remedies). There is abundant case law applying the doctrine of issue preclusion to subject matter jurisdictional decisions.[4]

---

[4] See, e.g., Muñiz Cortes v. Intermedics, Inc., 229 F.3d 12, 14 (1st Cir. 2000) (dismissal for lack of subject matter jurisdiction "precludes relitigation of issues determined in ruling on the jurisdictional question"); North Georgia Elec. Membership Corp. v. City of Calhoun, 989 F.2d 429, 432-33 (11th Cir. 1993) (dismissal of complaint for lack of jurisdiction adjudicates court's jurisdiction, and second complaint cannot command second consideration of same jurisdictional claim); Dozier v. Ford Motor Co., 702 F.2d 1189, 1194 (2d Cir. 1983) (although appellate court in affirming dismissal for lack of subject matter jurisdiction did so "without prejudice," this statement did not defeat effect of judgment with respect to issue preclusion on issues of jurisdiction); Oglala Sioux Tribe of Pine Ridge Indian Reservation v. Homestake Mining Co., 722 F.2d 1407, 1411-1413

None of Dr. Tucker's new theories of relief involving violations of federal statutes or her constitutional rights correct the jurisdictional problem. As the District Court correctly noted, in her second complaint she was merely reiterating the same arguments but calling them constitutional violations. Accordingly, subject matter jurisdiction was still lacking. Dr. Tucker fully availed herself of the opportunity to establish subject matter jurisdiction in her first cause of action. See Sherrer v. Sherrer, 334 U.S. 343, 348 (1948) ( "[T]here is nothing in the concept of due process which demands that a defendant be afforded a second opportunity to litigate the existence of jurisdictional facts."). Dr. Tucker failed to exhaust her administrative remedies and nothing has changed to undermine that determination.

Furthermore, section 405(h) of title 42 provides that section 405(g) is the only remedy for a party seeking review of a decision under the Medicare Act denying a monetary benefit. See Shalala v. Ill. Council on Long Term Health Care, Inc., 529 U.S. 1, 10 (2000). The federal statutes cited by Dr. Tucker provide no basis for the District Court to have assumed jurisdiction over her claims. In addition, to the extent that Dr. Tucker sought to pursue a civil rights action against Secretary Kathleen Sebelius pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), and 42 U.S.C. §§ 1985 and 1986, the doctrine of sovereign immunity bars the

---

(8th Cir. 1983) (dismissal of suit for lack of federal subject matter jurisdiction precludes relitigation of same issue of subject matter jurisdiction in second federal suit on same claim); Boone v. Kurtz, 617 F.2d 435, 436 (5th Cir. 1980) (per curiam) (same). Cf. Semtek Intern. Inc. v. Lockheed Martin Corp., 531 U.S. 497 (2001) (dismissal of state court claim by federal court sitting in diversity barred plaintiff from refiling same claim in that same court, but did not necessarily bar plaintiff from filing claim in state court).

action.  See United States v. Mitchell, 463 U.S. 206, 212 (1983).  The United States may not be sued without its consent, see id., and a Bivens action cannot be maintained against a federal official in her official capacity since such an action would essentially be one against the United States.  Last, the District Court's denial of Dr. Tucker's motion for reconsideration was not an abuse of discretion.

For the foregoing reasons, we will affirm the order of the District Court dismissing the complaint.