**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3664
_____

KAREN TUCKER,
                            Appellant

v.

SECRETARY UNITED STATES DEPARTMENT
OF HEALTH AND HUMAN SERVICES

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 15-cv-00733)
District Judge:  Honorable Robert B. Kugler

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 21, 2016
Before:  FUENTES, VANASKIE and SCIRICA, Circuit Judges

(Opinion filed: March 22, 2016)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Karen Tucker, proceeding pro se, appeals an order of the District Court dismissing her complaint with prejudice for failure to comply with Rule 8(a) of the Federal Rules of Civil Procedure. For the following reasons, we will affirm.

In 2007, Tucker filed a civil complaint in the United States District Court for the District of New Jersey, requesting payment of Medicare claims that had been denied. The Secretary of the United States Department of Health and Human Services filed a motion to dismiss the complaint for lack of subject matter jurisdiction, asserting that Tucker had not exhausted her administrative remedies. The District Court granted the motion and we affirmed. Tucker v. Sec'y, Health & Human Servs., 487 F. App'x 52 (3d Cir. 2012). Thereafter, Tucker filed another complaint in the District Court, seeking payment for the same Medicare claims. The District Court dismissed the complaint, Tucker appealed, and we affirmed, holding that "the District Court's prior judgment dismissing [the] first complaint for lack of subject matter jurisdiction had a preclusive effect on, and barred, the second complaint." Tucker v. Sec'y of Health & Human Servs., 588 F. App'x 110, 114 (3d Cir. 2014).

Tucker filed a third complaint against the Secretary in February 2015. The District Court determined, sua sponte, that the complaint violated Rule 8(a) because it "contains over 205 pages and is difficult to understand." Accordingly, the District Court ordered Tucker to show cause why the complaint should not be dismissed. Tucker filed a 35-page response. The District Court concluded, however, that the response "failed to show cause in accordance with this Court's Order as to why the Complaint should not be

2

dismissed." Consequently, the District Court dismissed the complaint, finding that it "appears to raise claims identical to those already decided by this Court and the United States Court of Appeals for the Third Circuit, it does not contain 'a short and plain statement of the grounds for the court's jurisdiction,' and 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. R. Civ. P. 8(a)(1)-(2), it is overly long, and it is confusing, vague, and otherwise unintelligible." Tucker filed a motion for reconsideration, which the District Court denied. Tucker appealed. The Secretary has filed a motion for summary affirmance.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion the District Court's Rule 8(a) dismissal, In re Westinghouse Sec. Litig., 90 F.3d 696, 702 (3d Cir. 1996), and its denial of Tucker's motion for reconsideration, Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999).

The District Court did not abuse its discretion in dismissing Tucker's complaint. Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A district court may sua sponte dismiss a complaint for failure to comply with Rule 8; dismissal is appropriate in cases where the "complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995). Here, nothing in Tucker's complaint qualifies as a short and plain statement of a federal claim. Instead, it contained approximately 200 pages of rambling, disjointed, and

3

often incoherent factual statements.  The District Court properly provided Tucker with the opportunity to show cause why the complaint should not be dismissed, see id. at 87, but her response still was not in compliance with Rule 8.  In addition, her motion for reconsideration was largely unintelligible, and failed to present any valid basis "to correct manifest errors of law or fact or to present newly discovered evidence."  Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).  Notably, on appeal, Tucker does not specifically argue that her pleadings were sufficiently clear to satisfy Rule 8.

Accordingly, because we conclude that there was no abuse of discretion, we will affirm the District Court's judgment.[1]

---

[1] The Secretary's motion for summary affirmance is denied as moot.