BLD-285                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1692
_____

KAREN TUCKER,
Appellant

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,
Eric Hargan, Acting

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-17-cv-13738)
District Judge:  Honorable Robert B. Kugler

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 9, 2018
Before:  RESTREPO, BIBAS and NYGAARD, Circuit Judges

(Opinion filed: August 17, 2018)
_____

OPINION[*]
_____

PER CURIAM

    Karen Tucker appeals the District Court's order sua sponte dismissing her

complaint.  For the reasons below, we will summarily affirm the District Court's order.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In her complaint, Tucker sought payment of Medicare claims based on treatment she rendered before she pleaded guilty to one count of Medicare fraud in the United States District Court for the Northern District of Texas in 1998. The District Court dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) because it sought relief from a defendant who is immune. Tucker filed a notice of appeal and a motion requesting that the District Court reconsider its decision. After the District Court denied the motion for reconsideration, Tucker filed an amended notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291 and exercise plenary review over the dismissal of claims on the grounds of sovereign immunity. Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 694 (3d Cir. 1996). We may also affirm the District Court on any ground supported by the record. Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).

The District Court did not err in dismissing Tucker's complaint. As described below, she has repeatedly litigated her request for the Medicare payments, and we have already explained to her why her claims fail.

In 2007, Tucker filed a pro se civil complaint requesting payment of Medicare claims. The District Court dismissed the claims for lack of exhaustion of administrative remedies, and we affirmed the District Court's decision. See Tucker v. Sec'y, Health & Human Servs., 487 F. App'x 52, 57 (3d Cir. 2012) (per curiam). Tucker then filed a second complaint seeking the same relief. The District Court again dismissed the complaint, and we affirmed. See Tucker v. Sec'y, Health & Human Servs., 588 F. App'x 110, 114 (3d Cir. 2014) (per curiam). We explained that the District Court's dismissal of

2

Tucker's first complaint barred her second complaint. We also noted that sovereign immunity barred her claims against the Secretary of Health and Human Services in her official capacity. Id. at 114-115. Undeterred, Tucker filed a third complaint raising the Medicare payment issue. The District Court dismissed the complaint for failure to contain a short and plain statement of the claims, and we affirmed the District Court's dismissal. See Tucker v. Sec'y U.S. Dep't Health & Human Servs., 645 F. App'x 136, 137 (3d Cir. 2016) (per curiam) ("[The complaint] contained approximately 200 pages of rambling, disjointed, and often incoherent factual statements.").

In the complaint at issue here, Tucker once again seeks to raise the same Medicare payment claims. Her claims fail for the same reasons we explained in her prior appeals: she has already litigated these claims, they are barred by sovereign immunity, and, despite her labeling sections of her complaint as "short plain statement[s]," Tucker did not include a short and plain statement of her claims. To the extent that Tucker sought damages based on her conviction, she did not show that the conviction has been invalidated. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (to recover damages for allegedly wrongful imprisonment, plaintiff must demonstrate that the confinement has been found unlawful).

As noted above, Tucker also appeals the District Court's denial of her motion for reconsideration. We generally review a District Court's denial of a motion for reconsideration for an abuse of discretion. However, if the denial is based on a legal question, our review is plenary. Koshatka v. Phila. Newspapers, Inc., 762 F.2d 329, 333 (3d Cir. 1985). A motion for reconsideration is for correcting manifest errors of law or

3

presenting newly discovered evidence. "A proper Rule 59(e) motion therefore must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010). Tucker did not sufficiently allege any of these grounds in her motion. To the extent that the motion for reconsideration was based on Fed. R. Civ. P. 60(b), Tucker did not set forth any grounds which would support relief from the judgment. The District Court did not err in denying her motion for reconsideration.

Summary action is appropriate if there is no substantial question presented in the appeal. See Third Circuit LAR 27.4. For the above reasons, we will summarily affirm the District Court's orders. See Third Circuit I.O.P. 10.6.