**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1939
_____

KAREN TUCKER,
                                        Appellant

v.

SECRETARY OF HEALTH AND HUMAN SERVICES, Acting
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. No. 1-17-cv-13738)
District Judge: Honorable Robert B. Kugler
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 23, 2019

Before: JORDAN, BIBAS and PHIPPS, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 29, 2019)
_____

OPINION[*]
_____

PER CURIAM

Pro se appellant Karen Tucker appeals the District Court's denial of her motion for

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

reconsideration of the District Court's dismissal of her complaint. For the reasons that follow, we will affirm the District Court's judgment.

Tucker filed a complaint in the District Court seeking payment of Medicare claims for treatment she rendered before pleading guilty to Medicare fraud in the United States District Court for the Northern District of Texas in 1998. The District Court dismissed Tucker's complaint after determining that she sought relief from a defendant who is immune. Tucker appealed, and we summarily affirmed the District Court's decision.[1] See Tucker v. Sec'y of Health & Human Servs., 734 F. App'x 89 (3d Cir. 2018) (per curiam). Soon after the mandate issued in that appeal, Tucker filed a motion in the District Court in which she sought to reopen the District Court's judgment and requested reconsideration of the District Court's order dismissing her complaint. The District Court denied her motion. Tucker timely appealed.

We have jurisdiction to review the District Court's decision pursuant to 28 U.S.C. § 1291 because it is a final post judgment order. See Ohntrup v. Firearms Ctr., Inc., 802 F.2d 676, 678 (3d Cir. 1986). We generally review the District Court's decision for abuse of discretion; to the extent that it is predicated on an issue of law, our standard of review is plenary. See Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam); Budget Blinds, Inc. v. White, 536 F.3d 244, 251 (3d Cir. 2008); Max's Seafood

---

[1] Tucker previously brought several cases in the District Court seeking the same relief; we affirmed each prior dismissal of her complaints. See Tucker v. Sec'y U.S. Dep't Health & Human Servs., 645 F. App'x 136 (3d Cir. 2016) (per curiam); Tucker v. Sec'y, Health & Human Servs., 588 F. App'x 110 (3d Cir. 2014) (per curiam); Tucker v. Sec'y, Health & Human Servs., 487 F. App'x 52 (3d Cir. 2012) (per curiam).

Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999).

The District Court did not err in denying Tucker's motion. Tucker did not provide a basis for reopening the final judgment issued in her case. See Fed. R. Civ. P. 60(b) (setting forth grounds for relief from a final judgment); see also Budget Blinds, 536 F.3d at 255 ("[A] party seeking Rule 60(b)(6) relief must demonstrate the existence of 'extraordinary circumstances' that justify reopening the judgment."). Her motion was also not based on a proper ground for reconsideration, such as an intervening change in law, newly discovered evidence, or "the need to correct a clear error of law or fact or to prevent manifest injustice." See Max's Seafood Cafe, 176 F.3d at 677. Rather, Tucker's lengthy, rambling filing sought to relitigate issues which the District Court and this Court have repeatedly resolved and raised new arguments that she could have made previously. See Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008) (explaining that motions for reconsideration may not be used to "relitigate old matters" or to present arguments or evidence that could have been offered earlier) (citation omitted). Under these circumstances, District Court properly denied her motion.

Accordingly, we will affirm the District Court's judgment.[2]

---

[2] We also deny Tucker's motion seeking a default and summary action on appeal.